# 2004 DTA 80

**TRIBUNAL DE CIRCUITO DE PELACIONES
REGION JUDICIAL DE SAN JUAN
PANEL III**

EVELYN REYES MARTINEZ, DOMINGO ROSARIO Y LA SOCIEDAD
LEGAL DE GANANCIALES COMPUESTA POR AMBOS
Demandantes-Recurridos

v.

ASOCIACION DE TITULARES DEL CONDOMINIO FIRST FEDERAL;
ACE INSURANCE COMPANY
Demandados-Peticionarios

Núm. KLAN-03-00339

San Juan, Puerto Rico, a 17 de marzo de 2004

Panel integrado por su Presidente, el Juez Rafael Ortiz Carrión,
y los Jueces Antonio J. Negroni Cintrón y Jorge Segarra Olivero

Negroni Cintrón, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En dictamen notificado el 26 de febrero de 2003, el Tribunal de Primera Instancia, Sala Superior de San Juan, adjudicó dos asuntos. Por un lado, desestimó de manera final la acción de daños y perjuicios instada por los codemandantes Domingo Rosario y la Sociedad Legal de Ganaciales integrada por éste y la Sra. Evelyn Reyes Martínez (Sra. Reyes). Por otro, se negó a desestimar la acción de ésta, en su carácter personal, contra la Asociación de Titulares del Condominio First Federal (Asociación), Ace Insurance Company (AIC) y otros. En cuanto a la Sra. Reyes resolvió que, contrario a lo que plantearon la Asociación y AIC, la acción no había prescrito, pues el término de un año que para ello tenía, había sido interrumpido.

Inconforme, la Asociación y AIC acudieron ante nos para que revoquemos ese dictamen. En síntesis y

esencialmente, le imputan al tribunal *a quo* haber errado al resolver que el **Aviso de Incidente** que la Sra. Reyes había suscrito al día siguiente de su caída y una comunicación posterior de su abogado habían interrumpido el término prescriptivo de un año.

Como cuestión de umbral debemos indicar que, aunque esa decisión consta en una sentencia parcial, el dictamen en cuanto a la Sra. Reyes constituye una resolución interlocutoria y debemos considerar el recurso ante nos como uno de *certiorari*.

Así atendido y con el beneficio del alegato presentado por la Sra. Reyes, resolvemos.

## I

Las acciones encaminadas a exigir responsabilidad civil extracontractual prescriben al transcurrir un año. Artículo 1868 del Código Civil, 31 L.P.R.A. sec. 5298. Ese término prescriptivo comienza a decursar desde el momento en que la víctima del daño tiene conocimiento del mismo, *Delgado Rodríguez v. Nazario de Ferrer*, 121 D.P.R. 347, 361 (1988); *Colón Prieto v. Géigel*, 115 D.P.R. 232, 243-247 (1984), pero puede ser interrumpido por una de tres ocurrencias: el ejercicio de la acción ante los tribunales, la reclamación extrajudicial del acreedor, y por cualquier acto de reconocimiento de la deuda por el deudor. Artículo 1873 del Código Civil, 31 L.P.R.A. sec. 5303; *Suárez Ruiz v. Figueroa Colón*, 145 D.P.R. 142 (1998). Cuando se trata de adjudicar una controversia en torno a si una acción está prescrita o no, o si el término para ejercerla ha sido interrumpido, es necesario determinar si los acreedores del derecho lo han abandonado. Véanse, *Martínez v. Soc. de Gananciales*, 145 D.P.R. 93 (1998); *García Aponte v. E.L.A.*, 135 D.P.R. 137 (1994); *Zambrana Maldonado v. E.L.A.*, 129 D.P.R. 740 (1992).

En cuanto a la reclamación extrajudicial, no hay relación limitativa hecha por la ley sobre qué actos son los que se incluyen en esta causa interruptiva, admitiendo como tales todos aquéllos en que la voluntad del acreedor quede patente. *Galib Frangie v. El Vocero de P.R.*, 138 D.P.R. 560 (1995). Nuestro ordenamiento jurídico no exige forma específica para interrumpir la prescripción. *Zambrana v. E.L.A., ante*, citando a Díez Picazo, *La Prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964. Sin embargo, para que la misma constituya una interrupción de la prescripción, la reclamación extrajudicial debe cumplir con los siguientes requisitos: La reclamación debe ser oportuna, lo cual requiere que se realice antes de la consumación del plazo; que el reclamante posea legitimación como tal, lo que requiere que la reclamación se haga por el titular del derecho o acción cuya prescripción quiere interrumpirse; que sea idóneo el medio utilizado para realizar la reclamación, y por último, que exista identidad entre el derecho reclamado y aquél afectado por la prescripción. *Galib Frangie v. El Vocero de P.R., ante.*

Debe, además, contener los elementos intrínsecos de toda reclamación extrajudicial: (a) identificar claramente tanto al acreedor como al deudor del derecho –la carta o comunicación debe ir dirigida a este último; (b) contener, en términos generales, los elementos necesarios **en derecho** para entablar una reclamación describir el daño, el acto culposo o negligente y establecer la relación causal entre el daño y el acto culposo o negligente-, y (c) que el deudor adopte el comportamiento debido. *De León v. Caparra Center*, 147 D.P.R. 797, 806 (1999).

Para provocar la interrupción concebida en el Código Civil, la comunicación o el acto debe ser *"la manifestación inequívoca de quién[sic] amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo". Zambrana v. E.L.A., ante,* citando a *Feliciano v. A.A.A.*, 93 D.P.R. 655, 660 (1966); *Cintrón v. E.L. A.*, 127 D.P.R. 582 (1990).

Ahora bien, por estimar que sería fútil e inconsecuente requerir a quienes reclaman un derecho extrajudicialmente que, siempre que se comuniquen con el deudor, tengan que exponer nuevamente los hechos que dieron lugar a la reclamación, el daño causado, que el deudor es el responsable de dicho daño y la

indemnización, el Tribunal Supremo de Puerto Rico adoptó como norma que, una vez se ha efectuado una primera reclamación extrajudicial suficiente en derecho, no es necesario que cada vez que el acreedor desee interrumpir nuevamente el término prescriptivo, tenga que repetir los asuntos previamente expresados, sujeto a que se pueda concluir que de las posteriores cartas surge la intención de éste de no perder su derecho. *De León v. Caparra Center, supra.*

Expuesto el derecho que estimamos aplicable, consideremos los méritos de la controversia ante nos.

## II

Según la demanda que presentara la Sra. Reyes, el 9 de mayo de 2001 y a las 12:30 del mediodía, ella resbaló y cayó mientras caminaba en el estacionamiento del edificio First Federal Savings Bank. El día siguiente, el 10 de mayo, suscribió un documento preparado en maquinilla con el membrete de Ledesma & Rodríguez Insurance Group, Inc. denominado *Aviso de Incidente.* Este requería que indicara lo siguiente: a) en cuanto a la persona lesionada o damnificada, el nombre, edad, teléfono, dirección y *"Zip Code"*; b) la fecha, hora, lugar del incidente, la descripción de éste y de los daños o lesiones; c) el nombre, dirección y teléfono de los testigos; d) nombre y firma del la persona que informa el incidente y el nombre, firma y título de la persona que *"cumplimenta"* el informa. Al pie del documento tamaño carta, aparece impreso la dirección postal y teléfonos, presumiblemente de Ledesma & Rodríguez Insurance Group, Inc., lo siguiente: Atención: Melinda Arroyo – Departamento de Reclamaciones y el número 000042.

En la copia del documento sometido como apéndice aparece a maquinilla el nombre, edad, teléfono, dirección y *"Zip Code"* de la Sra. Reyes; el lugar, la fecha y hora del incidente; en el apartado denominado *Descripción del Incidente* lo siguiente: *"Tropeze y caí de espalda"*; en el apartado denominado **Descripción de las Lesiones o Daños**: *"ematomas (sic) rodilla y tobillo pie izquierdo, golpe fuerte en lado izquierdo de la cadera"* y, finalmente y manuscrito, el nombre, dirección y teléfono de los testigos.

Un poco más de tres meses después, el 14 de agosto de 2001, la Lcda. Estrella Vega Soto le envió una carta a la Sra. Zoé Ortiz, Ajustadora de Ledesma & Rodríguez Insurance Group, en la que indicó lo siguiente:

*"Por este medio es nuestro interés informarle que desde hoy, 14 de agosto de 2001, en adelante, toda pregunta o requerimiento que tenga sobre el caso de la Sra. Evelyn Reyes Martínez lo haga a través de sus representantes legales, Lcda. Wilma Rosario Rodríguez y/o Lcda. Estrella Mar Vega Soto. El número telefónico del estudio legal es el (787) 751-9208. El número de fax es el 753-2952).*

*Sin otro particular, queda de ustedes,*

*Lcda. Estrella Mar Vega Soto"*

Dos días después, el 16 de agosto de 2001, el Sr. Hans M. Van Loon de Van Loon & Associates, Insurance Claims Services, le cursó a la Lcda. Vega Soto una carta en la que le informó lo siguiente:

*"Acusamos recibo de su correspondencia fechada 14 de agosto de 2001. La misma ha sido enviada a ACE Insurance Company, atención Sra. Sheila Martínez. El número de reclamación es el 804. 1542941, y su número telefónico es (787) 274-4700. Para cualquier gestión adicional, favor de comunicarse con esta persona.*

*Atentamente,*

*Hans M. Van Loon"*

Así las cosas, el 31 de mayo de 2002, la Sra. Reyes y los restantes codemandantes presentaron la demanda

ante el tribunal de instancia.

Con ese trasfondo procesal y fáctico, conforme el derecho antes citado, procede que determinemos, en primera instancia, si, como resolvió el tribunal de instancia, el **Aviso de Incidente** suscrito por la Sra. Reyes cumplió, por sí sólo, con los requisitos exigidos para que interrumpiera el término de un año que tenía para presentar la demanda y que comenzó a decursar el 10 de mayo de 2001. De contestarse esta interrogante en la afirmativa, tendríamos que determinar si de la carta de la Lcda. Vega Soto surge la intención de la Sra. Reyes de no perder su derecho a pedir que la compensen. De resolverse la interrogante en la negativa, solamente restaría determinar si la carta de la Lcda. Vega Soto cumple con todos los requisitos de una reclamación extrajudicial.

La lectura del **Aviso de Incidente** demuestra, en lo pertinente, que fue dirigida al sujeto pasivo del derecho o a su agente, que indica que tropezó y cayó de espaldas en el lado izquierdo del edificio a la entrada del estacionamiento y que describe el daño que sufrió la Sra. Reyes. Sin embargo, resulta obvio que en el documento no se expone en qué consiste la negligencia o culpa de la Asociación o por lo menos no imputa negligencia alguna o la relación causal de ésta con los daños. Tampoco contiene lenguaje alguno que se pueda interpretar como que requiere que se le indemnice por los daños que alegadamente sufrió al caerse.

En fin, el **Aviso de Incidente** no cumple con los requisitos intrínsecos de una demanda de daños; no cumple con los requisitos exigidos por la normativa prevaleciente, particularmente, la adoptada en *De León v. Caparra Center, supra*. Debido a esas deficiencias, el **Aviso de Incidente** que suscribió la Sra. Reyes no interrumpió el período prescriptivo de un año, aunque incluyó otra información, fue entregado a la parte idónea y describió los daños.

Ahora bien, al evaluar el **Aviso de Incidente** no podemos suplir, por inferencia, la información que no se incluye o presumir que la que se pide responde a un propósito ilícito. Veamos.

El hecho de que una persona tropiece, se caiga y sufra daños en un lugar, no implica necesariamente que ello se deba a la culpa o negligencia de alguien. Vease, *Cotto v. C.M. Insurance, Co.* 116 D.P.R. 644 (1985). El que se cumplimente un **Aviso de Accidente**, tampoco puede interpretarse obligatoriamente como que se está reclamando compensación por haberse caído, cuando no se indica así directa o indirectamente y aunque la lógica nos lleve a un resultado contrario. Sobre todo, en esta etapa apelativa no podemos asumir que, como la propia aseguradora diseñó y suministró el **Aviso de Incidente**, lo hizo para engañar al posible reclamante al solicitarle información sobre el accidente o incidente que no configura una reclamación extrajudicial válida.

Ciertamente, la buena fe es un principio general del derecho que abarca toda actividad jurídica. Diez Picazo, *La Doctrina de los Actos Propios*, Barcelona, 1963 pág. 134 y ss; y De los Mozos, *El Principio de la Buena Fe*, Barcelona, 1965. Reconocemos, además, que pueden darse circunstancias que demuestren que la aseguradora incurrió en conducta constitutiva de abuso del derecho que le impida levantar la defensa de prescripción, según la doctrina de abuso del derecho fue adoptada por el Tribunal Supremo de Puerto Rico en *Soriano Tavarez v. Rivera Anaya*, 108 D.P.R. 663, 670 (1970), y reiterada en *Velilla v. Pueblo Supermarkets, Inc.*, 111 D.P.R. 585, 588 (1981). Como es conocido, la doctrina del abuso de derecho establece que todo derecho o facultad establecido por ley debe ejercitarse siempre razonable, justa y equitativamente. Puig Brutau, *Fundamentos de Derecho Civil*, Tomo Preliminar, Barcelona 1989, pág. 373 y ss.

Sin embargo e independientemente de las características que exhibe el **Aviso de Incidente**, en este caso, la recurrida no planteó, discutió o evidenció que esas características constituyen un abuso de derecho de los peticionarios, como fundamento para oponerse a la moción de prescripción promovida por éstos. Debido a ello, no fue motivo de discusión entre las partes ni de adjudicación por el tribunal de instancia. Tampoco lo ha suscitado ante nos.

En correcta técnica adjudicativa apelativa y para preservar el derecho de ambas partes a que se le imparta justicia, no debemos nosotros adjudicar en primera instancia lo que el tribunal de instancia no hizo, debido a que la parte que venía obligada a levantar la cuestión no lo hizo. Estamos, pues, impedidos de determinar si el ajustador de la aseguradora o ésta indujeron a la Sra. Reyes a entender que tan pronto cumplimentó el **Aviso de Incidente**, éste sería considerado como una reclamación extrajudicial válida que sería referida a la aseguradora para su evaluación y que interrumpiría el término prescriptivo de un año. Lo contrario implicaría que presumimos la mala fe de la aseguradora, de los ajustadores o de la Asociación, pues descartaríamos que un **Aviso de Incidente** puede servir un propósito práctico y legítimo, conforme la política pública que rige la industria del seguro de Puerto Rico.

Finalmente, no puede olvidarse que es la Sra. Reyes la que tenía la obligación de formular una reclamación extrajudicial que cumpliera con las exigencias de la jurisprudencia vigente. Era ella la que tenía la obligación de demostrar que no había abandonado o no iba a abandonar su causa de acción; de manifestar inequívoca y expresamente su voluntad de no perder su derecho. *Zambrana v. E.L.A., ante.*

Atendido lo antes expuesto, nos corresponde determinar, en segundo lugar, si la carta cursada el 14 de agosto de 2001 suscrita por la Lcda. Vega Soto constituyó por sí sola un reclamo extrajudicial capaz de interrumpir de forma independiente el término prescriptivo.

Como antes indicamos, la carta de la Lcda. Vega Soto se limitó a anunciar que toda pregunta o requerimiento en el caso de la Sra. Reyes debía realizarse por conducto de ella, y a esos fines suplió su dirección y teléfonos. La misiva no le imputa negligencia a los peticionarios, relación causal entre ésta y el daño sufrido por la Sra. Reyes, y tampoco reclama el pago de compensación alguna. En otras palabras, no constituye una reclamación extrajudicial válida.

Por último, la contestación del Sr. Van Loon del 16 de agosto de 2001 a la carta de la Lcda. Vega, no contiene rasgo alguno que la tornen en un reconocimiento de deuda que, por sí sola, interrumpiera el término prescriptivo.

Concluimos, pues, que ni el **Aviso de Incidente** suscrito por la Sra. Reyes, ni la carta de la Lcda. Vega Soto cumplen con los requisitos mínimos de una reclamación de daños extrajudicial, por lo que ninguna de ellas interrumpió el término prescriptivo establecido por el Artículo 1868 del Código Civil, *supra*. Toda vez que la Sra. Reyes conoció el 9 de mayo de 2001 los daños que sufrió, al presentar su demanda el 31 de mayo de 2002, lo hizo vencido ya el término prescriptivo de un año que tenía para ello. Incidió el tribunal de instancia al no desestimarla.

### III

Por los fundamentos antes expuestos, se expide auto de *certiorari* para revocar la resolución recurrida y desestimar la demanda instada por la Sra. Reyes.

El Juez Segarra Olivero disiente con opinión escrita.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General

### TEXTO COMPLETO DEL VOTO DISIDENTE DEL JUEZ SEGARRA OLIVERO
### 2004 DTA 80

San Juan, Puerto Rico, a 17 de marzo de 2004

No es aplicable a la situación del caso del título las normativas establecidas por nuestro más Alto Foro y que

pretenden avalar el dictamen mayoritario. Los hechos ante nuestra consideración presentan la muy peculiar particularidad, valga la redundancia, de que la recurrida actuó inducida por un entramado producido, dirigido y actuado por la parte peticionaria. Al día siguiente a la ocurrencia del accidente que motivó la controversia que nos ocupa, la parte recurrida cumplimentó un formulario de "*AVISO DE INCIDENTE*" preparado por la parte peticionaria quien, además, llenó a maquinilla las secciones que correspondían a la persona lesionada o damnificada, su nombre y dirección, fecha y hora del accidente, descripción del accidente y la descripción de las lesiones o daños. Parte de la restante información la llenó la recurrida de su puño y letra, incluyendo su nombre y dirección, teléfonos, nombre, dirección y teléfonos de los testigos y "*Persona que Reporta Incidente*". El encasillado denominado "*Persona que Cumplimenta Reporte*" fue llenado por la Sra. N. Ortiz, Oficial Administrativo.

El encabezado del formulario se titula "*LEDESMA & RODRIGUEZ INSURANCE GROUP, INC., AVISO INCIDENTE*". Al pie del documento, impresa, aparece la siguiente inscripción: "*PO BOX 8848, SAN JUAN PR 00910 TEL. /787) 721-5011, FAX (787)725-3580 ATENCION: MELINDA ARROYO – DEPARTAMENTO DE RECLAMACIONES*".

Es decir, el documento a que nos hemos referido y que, obviamente, es de la hechura y factura de una compañía de seguros y su Departamento de Reclamaciones, no podía tener otro propósito que no fuera iniciar una reclamación contra la demandada y su compañía de seguros. En el expediente de autos no hemos encontrado explicación alguna de la peticionaria que permita ni siquiera inferir que el aviso de incidente tuviera cualquier otro objetivo o motivo. ¿Cuál, por ejemplo? ¿Inducir a la recurrida a realizar gestiones fútiles y hacerle perder su tiempo? La parte peticionaria estuvo advertida, desde el día siguiente del accidente, sobre la intención de la recurrida de iniciar una reclamación para recobrar por los daños sufridos. Como cuestión de hecho, no cabe duda que la peticionaria le hizo creer a la recurrida que estaba formulando una reclamación ante la aseguradora de la Asociación de Titulares del Condominio First Federal.

Si lo que se estaba formulando no era una reclamación, ¿para qué era indispensable incluir el nombre y los teléfonos de los testigos?

Cualquier defecto técnico-jurídico del documento es atribuible, exclusivamente, a la peticionaria, quien es una experta en la materia de reclamación de daños; y no, por supuesto, a la recurrida, quien no sólo es una lega en esos menesteres, sino que obró inducida por la peticionaria. Si alguna duda quedaba sobre la intención de iniciar una reclamación y recobrar daños, quedó manifiestamente disipada cuando la representante legal de la recurrida se comunicó con la peticionaria para informarle que en lo sucesivo cualquier asunto relacionado con el caso de la recurrida se tramitaría a través de su abogada.

A la pretensión de la parte peticionaria de conculcarle a la recurrida su derecho a reclamar daños, luego de inducirla a que aceptara las reglas del juego que propuso unilateralmente en el formulario "*aviso de incidente*", es propicio que le recordemos la inmortal frase del Juez Serrano Geyls: "*Después de todo, los jueces no podemos ser tan ingenuos como para creer lo que nadie más creería*". *Pueblo v. Luciano Arroyo*, 83 D.P.R. 573, 582 (1961).

Ante la desproporción abismal de pericia y de poder entre las partes, mi voto tiene que emitirse a favor de la parte más débil. Disiento.

**JORGE SEGARRA OLIVERO**
**Juez de Apelaciones**