ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| ERIC CAMPOS NIEVES<br><br>Apelante<br><br>v.<br><br>FAMCOOP RIO GRANDE (GREEN FRESH, LLC) ASEGURADORAS DESCONOCIDAS XYZ<br><br>Apelados | KLAN202300962 | *APELACIÓN* procedente del Tribunal de Primera Instancia, de Fajardo<br><br>Civil Núm.: FA2022CV01191<br><br>Sobre: Discrimen en el Empleo, Despido Injustificado, Represalias, Daños y Perjuicios |

Panel integrado por su presidente, el Juez Candelaria Rosa, la Jueza Álvarez Esnard, la Jueza Díaz Rivera y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 9 de mayo de 2024.

Comparece la parte apelante, Sr. Eric Campos Nieves (señor Campos Nieves o apelante), quien nos solicita la revocación de la *Sentencia* dictada el 26 de septiembre de 2023, notificada al día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Fajardo (TPI). En el referido dictamen, el TPI declaró HA LUGAR la *Moción de Desestimación* presentada por FamCoop Río Grande (FamCoop) y las Aseguradoras desconocidas XYZ (en conjunto, apeladas). En consecuencia, desestimó por prescripción las causas de acción al amparo de Ley Núm. 80 del 30 de mayo de 1976, según enmendada, *infra*, Ley Núm. 100-1991, según enmendada, *infra*, Ley Núm. 69 de 6 de julio de 1985, *infra*, Título VII de la Ley de Derechos Civiles de 1964, según enmendada, *infra*, la reclamación

---

[1] El Hon. José I. Campos Pérez sustituyó a la Juez Maritere Brignoni Mártir, por virtud de la Orden Administrativa TA-2023-212, emitida el 6 de diciembre de 2023.

Número Identificador

SEN2024 _____

de daños y perjuicios contingentes acorde con el Artículo II, Sección 16 de la Constitución del Estado Libre Asociado Puerto Rico en su Carta de Derechos, *infra*, y el Art. 1536 del Código Civil de Puerto Rico de 2020, *infra*. Además, desestimó la causa de acción bajo Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, *infra*, por no cumplir con el estándar de plausibilidad dispuesto en la Regla 6.1 de las Reglas de Procedimiento Civil, *infra*.

Anticipamos la modificación del pronunciamiento judicial impugnado.

## I.

El 6 de diciembre de 2022, el señor Campos Nieves presentó una *Querella* en el TPI sobre discrimen en el empleo, despido injustificado, represalia y daños y perjuicios al amparo de la Ley Núm. 2 del 17 de octubre de 1961, 32 LPRA sec. 3118 *et seq*, conocida como *Ley Sumaria de Reclamaciones Laborales* (Ley Núm. 2).[2] Las referidas reclamaciones fueron radicadas bajo la Ley Núm. 80 del 30 de mayo de 1976, 29 LPRA sec. 185a *et seq*, conocida como *Ley Sobre Despidos Injustificados* (Ley Núm. 80); Ley Núm. 100 de 30 de junio de 1959, 29 LPRA sec. 146 *et seq*, conocida como *Ley Antidiscrimen de Puerto Rico* (Ley Núm. 100); Ley Núm. 115 de 20 de diciembre de 1991, 29 LPRA sec. 194 *et seq,* conocida como *Ley de Represalias contra el Empleado por Ofrecer Testimonio* (Ley Núm. 115); Ley Núm. 69 de 6 de julio de 1985, 29 LPRA sec. 1321 *et seq*, conocida como la *Ley para Garantizar la Igualdad de Derecho al Empleo* (Ley Núm. 69); estatutos federales análogos bajo el Título VII de la Ley de Derechos Civiles de 1964, 42 USC 2000e *et seq*; y la reclamación de daños y perjuicios contingentes acorde con el Artículo II, Sección 16 de la Constitución del Estado Libre Asociado

---

[2] Apéndice de la parte apelante, págs. 1-35.

Puerto Rico en su Carta de Derechos, y el Artículo 1536 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 10801.

La *Querella* fue acompañada con los siguientes anejos: 1) Descripción del puesto; 2) Querella de discrimen en la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos de Puerto Rico (UAD); 3) Capturas de pantalla de teléfono de las llamadas que recibió el señor Campos Nieves del gerente general de FamCoop; 4) Certificación de cuidado médico y del Administrador de la Corporación del Fondo del Seguro del Estado; 5) Política del Lugar de Empleo Libre de Hostigamiento; 6) Documento; 7) Carta del 7 de diciembre de 2021 sobre autorización de la UAD para litigar el caso en el TPI.

En esencia, el señor Campos Nieves alegó que comenzó a trabajar para FamCoop el 19 de diciembre de 2019 como cajero y fue promovido en octubre de 2020 a la posición de *Front End.* Asimismo, adujo que el 4 de noviembre de 2020 se suscitó un altercado entre este y la señora Camillie Rivera, empleada de FamCoop, en donde ambos intercambiaron palabras soeces en el área de trabajo. A raíz de lo sucedido, la señora Ashley Ramos, consultora de Recursos Humanos, se comunicó con el señor Campos Nieves en la tarde del 7 de noviembre de 2020 para coordinar una reunión, la cual se llevó a cabo ese mismo día. En dicha reunión el señor Campos Nieves fue notificado de la determinación patronal de suspenderlo de empleo y sueldo por siete (7) días laborables, efectivo inmediatamente. Señaló, además, que sería removido de preparar los horarios de trabajo de los cajeros por una (1) a dos (2) semanas. No obstante, arguyó que la señora Camillie Rivera no fue notificada de alguna medida disciplinaria en su contra por los hechos ocurridos el 4 de noviembre de 2020. De este modo, el señor Campos Nieves expresó en la *Querella* presentada ante el TPI que, el 10 de noviembre de 2020,

había radicado una *Querella* ante la UAD en la cual solicitó la investigación e intervención de la agencia ante el trato desigual por parte de FamCoop ante los hechos suscitados entre el Recurrente y la señora Camillie Rivera. De igual forma, alegó sentirse discriminado.

El señor Campos Nieves, arguyó además, que el 17 de noviembre de 2020 se reincorporó al trabajo. No obstante, señaló que se enfrentó con el hecho de que lo habían despojado de sus funciones y le habían reducido las horas de trabajo. Sostuvo que comenzó a experimentar hostigamiento laboral debido a que el patrono luego de los hechos suscitados entre este y la señora Camillie Rivera continuó con acciones de represalias y discrimen en su contra. Así pues, alegó que debido a estas acciones adversas tuvo que recibir tratamiento psicológico, por lo cual la Corporación del Fondo del Seguro del Estado lo declaró elegible para recibir tratamiento y descanso. En consecuencia, el señor Campos Nieves adujo que se vio en la obligación de renunciar a su empleo, efectivo el 10 de febrero de 2021.

Por último, el 7 de diciembre de 2021, luego de haberse dilucidado las reclamaciones ante la UAD, dicha agencia autorizó litigar las controversias entre las partes ante el TPI. La autorización fue notificada el 10 de diciembre de 2021 y la acción judicial fue presentada el 6 de diciembre de 2022.

Por su parte, FamCoop presentó su *Contestación a Querella* el 22 de diciembre de 2022.[3] Mediante esta negó las alegaciones en su contra y levantó ciertas defensas afirmativas. En lo pertinente, entre las defensas afirmativas presentadas, levantó la prescripción de las reclamaciones bajo la Ley Núm. 80, *supra*; Ley Núm. 100, *supra*; Ley Núm. 69, *supra*; Título VII de la Ley de Derechos Civiles de 1964,

---

[3] Apéndice de la parte apelante, págs. 36-61.

*supra*; y la reclamación de daños y perjuicios contingentes acorde con el Artículo II, Sección 16 de la Constitución del Estado Libre Asociado Puerto Rico en nuestra Carta de Derechos y el Art. 1536 del Código Civil de Puerto Rico de 2020, *supra.*

El 23 de diciembre de 2022, FamCoop presentó una *Moción Eliminatoria (In Limine) acorde con la Regla 10.5 de las Reglas de Procedimiento Civil de 2009, 32 LPRA AP. V*, solicitando se eliminaran los anejos incluidos por el señor Campos Nieves en la *Querella.*[4]  A su vez, el señor Campos Nieves se opuso a dicha solicitud.[5]  Así pues, el 20 de julio de 2023, el TPI emitió una orden declarando No Ha Lugar la solicitud de eliminación de los anejos acompañados a la *Querella.*[6]

El 27 de diciembre de 2022, FamCoop presentó una moción solicitando que el pleito se convirtiera a uno ordinario.[7]  De otro lado, el señor Campos Nieves se allanó a la conversión del pleito al procedimiento ordinario.[8]  Ante ello, el 27 de enero de 2023, el TPI emitió una orden convirtiendo el pleito al proceso ordinario.[9]

Luego de varios trámites procesales, FamCoop presentó una *Moción de Desestimación.*[10]  En apretada síntesis, señaló que el plazo prescriptivo de la causa de acción bajo Ley Núm. 80, *supra,* comenzó a trascurrir desde el 10 de febrero de 2021, día de la renuncia del señor Campos Nieves.  Además, subrayó que la presentación de la *Querella* ante la UAD, el 10 de noviembre de 2020, no tuvo el efecto de congelar el término prescriptivo, toda vez que no se cumplió con el requisito de identidad de propósitos entre el derecho reclamado y el afectado por la prescripción.  Por tanto, la presentación de la *Querella* ante el TPI el 6 de diciembre de 2022, estaba prescrita.  En

---

[4] SUMAC entrada 12.
[5] SUMAC entrada 52.
[6] SUMAC entrada 55.
[7] Apéndice de la parte apelante, págs. 62-68.
[8] Apéndice de la parte apelante, págs. 69-70.
[9] Apéndice de la parte apelante, pág. 71.
[10] Apéndice de la parte apelante, págs. 72-85.

cuanto a la causa de acción bajo el Título VII de la Ley de Derechos Civiles de 1964, *supra*, apuntó que conforme establece dicho título, el señor Campos Nieves tenía el término de noventa (90) días desde que recibió el *notice of right to sue* (autorización para demandar) por la UAD para presentar el pleito ante el TPI, el cual fue **notificado el 10 de diciembre de 2021**. Por lo que alude que prescribió dicha causa de acción al presentar tardíamente recurso ante el TPI el 6 de diciembre de 2022. Sobre las causas de acción bajo la Ley Núm. 69, *supra*, y Ley Núm. 100, *supra*, también expresaron que habían prescrito debido a que se presentaron fuera del término de noventa (90) días desde que la UAD emitió la autorización para demandar en el TPI. Según señaló el patrono, este término de noventa (90) días surge al amparo de la Ley Núm. 4-2017, 29 LPRA sec. 121 *et seq*, conocida como *Ley de Transformación y Flexibilidad Laboral* (en adelante Ley Núm.4). Sostuvo, además, que la aludida Ley uniformó los plazos prescriptivos entre la legislación local y la federal. Por último, arguyó FamCoop que la causa de acción por daños y perjuicios también estaba prescrita por haberse instado fuera del término de un año como requiere el Código Civil de 2020, *supra*, ya que la *Querella* presentada ante la UAD no interrumpió extrajudicialmente el término prescriptivo.

Así las cosas, FamCoop presentó una *Moción Sometiendo Anejos*.[11] En la referida moción incluyó cuatro anejos que no habían sido incluidos previamente en la *Moción de Desestimación*, y se solicitó que fueran considerados en apoyo a esta. Entre estos documentos anejados se encontraba el Contrato de Empleo del señor Campos Nieves, la Carta de Renuncia, la *Querella* presentada ante la UAD y la carta de la UAD autorizando la presentación del pleito en el TPI.

---

[11] Apéndice de la parte apelante, págs. 86-95.

Posteriormente, el 4 de septiembre de 2023, el señor Campos Nieves ripostó con su *Oposición a Moción de Desestimación ("Sentencia Sumaria")*.[12]  Su discusión se centró en que la moción debía ser declarada no ha lugar, puesto que esta se acompañó con anejos, por lo cual se había convertido en una sentencia sumaria. De este modo, señaló que la moción incumplía con lo dispuesto en la Regla 36 de las Reglas de Procedimiento Civil, *infra*.  Además, señaló que, en la alternativa, la querella presentada ante la UAD tuvo el efecto de suspender el término prescriptivo de un año hasta tanto finalizaran los procedimientos en dicha agencia.  Por último, apuntó que el análisis sobre los términos prescriptivos realizado por el señor Campos Nieves solo eran aplican en la esfera federal.

Por su parte, FamCoop replicó el 4 de septiembre de 2023.  En cuanto a la conversión de la *Moción de Desestimación* a una sentencia sumaria, expresó que la misma se limitaba a discutir específicamente las defensas legales de prescripción de las causas de acción del alegado despido injustificado, por lo que se trataba de una moción de desestimación y no una sentencia sumaria.[13] Igualmente, reprodujo su análisis sobre los términos prescriptivos de las causas de acción entabladas en el pleito.

El 26 de septiembre de 2023, el foro primario dictó *Sentencia*, la cual fue notificada el siguiente día. El TPI determinó que la moción presentada por FamCoop se trataba de una moción de desestimación y no una moción de sentencia sumaria.  Además, el TPI resolvió que las causas de acción contenidas en la *Querella* estaban prescritas y que la causa de acción bajo la Ley Núm. 115, *supra*, no cumplía con el estándar de plausibilidad dispuesto en la Regla 6.1 de las Reglas de Procedimiento Civil, *infra*.  En consecuencia, desestimó la referida *Querella*.

---

[12] Apéndice de la parte apelante, págs. 97-106.
[13] Apéndice de la parte apelante, págs.107-115.

Inconforme, con la determinación del TPI, el señor Campos Nieves acudió ante nos el 27 de octubre de 2023 mediante recurso de *Apelación.* Primeramente, el señor Campos Nieves reconoció que el TPI había desestimado correctamente las causas acción bajo la Ley Núm. 80, *supra,* y el Título VII del *Civil Rights Act* de 1964, *supra,* por motivo de prescripción.[14] Sin embargo, presentó los siguientes señalamientos de error:

**PRIMER SEÑALAMIENTO DE ERROR**
Erró el Tribunal de Primera Instancia al declarar con lugar la *Moción de Desestimación* al amparo de la Regla 10.2 de las Reglas de Procedimiento Civil.

**SEGUNDO SEÑALAMIENTO DE ERROR**
Erró el Tribunal de Primera Instancia al desestimar la causa de acción de represalia al amparo de la Ley Núm. 115.

**TERCER SEÑALAMIENTO DE ERROR**
Erró el Tribunal de Primera Instancia al concluir que [...] el Art. 2.13 de la Ley Núm. 4[-]2017, "*Ley [de] Transformación y Flexibilidad Laboral*", tuvo el efecto de uniformar los plazos prescriptivos de las causas de acciones locales y federales para presentar las acciones judiciales de discrimen en el empleo en los tribunales a noventa (90) días desde que tanto la EEOC o la Unidad Antidiscrimen en el empleo del DTRH emitan su determinación final. Y en consecuencia, concluir que las reclamaciones del querellante al amparo de la Ley [Núm. 69 de 6 de julio de 1985], *Ley para garantizar la igualdad de derechos en el empleo* y la Ley Núm.100 [de 30 de junio de 1959], *Ley de discrimen en el empleo*[,] estaban prescritas.

El 27 de noviembre de 2023, la parte apelada presentó su *Alegato en Oposición a Recurso de Apelación.* Con el beneficio de la comparecencia de ambas partes, procedemos a resolver

**II.**

**A.**

Las alegaciones son los escritos que presentan al tribunal los hechos que dan base a las reclamaciones o defensas de una parte. R. Hernández Colón, *Derecho procesal civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 283. Asimismo, la Regla 5.1 de Procedimiento

---

[14] Véase *Apelación civil* págs. 1-2

Civil, 32 LPRA Ap. V, R. 5.1, establece que "las alegaciones permitidas serán la demanda, la reconvención, la demanda contra coparte, la demanda contra tercero y sus respectivas contestaciones."

Por su parte, la Regla 6.1 de Procedimiento Civil, *supra,* R. 6.1, establece que las alegaciones deben contener: (1) una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado, y (2) la solicitud del remedio que se alega debe concederse. Véase *Ashcroft v. Iqbal,* 556 US 662 (2009). En cuanto a la parte contra quien se reclama, esta deberá presentar una alegación responsiva en la cual admita o niegue las aseveraciones en que descanse la parte contraria. Regla 6.2(a) de Procedimiento Civil, *supra,* R. 6.2; *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1062 (2020). "Las aseveraciones contenidas en cualquier alegación que requiera una alegación responsiva y que no se refieran al monto de los daños, se considerarán admitidas si no fueron negadas en la alegación responsiva". Regla 6.4 de Procedimiento Civil, *supra,* R. 6.4.

Además de negar o admitir las alegaciones presentadas en su contra, la parte contra quien se reclama deberá incluir "sus defensas contra cada reclamación interpuesta, junto con una relación de los hechos demostrativos de que le asisten tales defensas". Regla 6.2(a) de Procedimiento Civil, *supra.* Entre las defensas que la parte contra quien se reclama puede levantar se encuentran las defensas afirmativas. *Conde Cruz v. Resto Rodríguez et al.*, *supra.* "Una defensa afirmativa es la afirmación que hace el demandado con hechos o argumentos, que de ser ciertos, derrotan el reclamo del demandante, incluso si todas las alegaciones del demandante fueran aceptadas como correctas". Hernández Colón, *op. cit.*, pág. 290.

La Regla 6.3 de Procedimiento Civil, *supra,* R. 6.3, enumera algunas defensas afirmativas que pueden ser levantadas por la parte contra quien se reclama. En su inciso (q) se encuentra la defensa afirmativa de prescripción adquisitiva o extintiva. Además, dicha regla dispone que las defensas afirmativas, "deberán plantearse en forma clara, expresa y específica al responder a una alegación o se tendrán por renunciadas, salvo la parte advenga en conocimiento de la existencia de la misma durante el descubrimiento de prueba, en cuyo caso deberá hacer la enmienda a la alegación pertinente." *Id.* Así pues, si las defensas afirmativas no se platean en la contestación a la demanda, se renuncia a estas y no se podrán levantar en una etapa posterior del proceso judicial. *Conde Cruz v. Resto Rodríguez et al., supra*; *Díaz Ayala et al. v. E.L.A.*, 153 DPR 675, 696 (2001). Sin embargo, pueden plantearse en una etapa posterior "si los hechos que la fundamentan se conocen con posterioridad a la presentación de la contestación y con motivo del descubrimiento de prueba [...]". Hernández Colón, *op. cit.*, pág. 291.

**B.**

La desestimación es un pronunciamiento judicial que resuelve el pleito de forma desfavorable para el demandante sin celebrar un juicio en su fondo o en los méritos. S.*L.G. Sierra v. Rodríguez,* 163 DPR 738, 745 (2005); R. Hernández Colón, *Práctica Jurídica de Puerto Rico Derecho Procesal Civil*, Quinta Edición, San Juan, Michie de Puerto Rico, 2010, pág. 369. De este modo, nuestro ordenamiento procesal civil dispone de varios supuestos mediante los cuales una parte puede solicitar la desestimación de una acción en su contra antes de presentar la contestación a la demanda. *Id.*, págs. 266-267.

La Regla 10.2 de Procedimiento Civil, *supra,* R. 10.2, establece lo siguiente:

Toda defensa de hechos o de derecho contra una reclamación responsiva excepto que, a opción de la parte que

alega, las siguientes defensas pueden hacerse mediante moción debidamente fundamentada:

(1) falta de jurisdicción sobre la materia.

(2) falta de jurisdicción sobre la persona.

(3) insuficiencia del emplazamiento;

(4) insuficiencia del diligenciamiento del emplazamiento;

**(5) dejar de exponer una reclamación que justifique la concesión de un remedio.**

(6) dejar de acumular una parte indispensable.

Ninguna defensa u objeción se considerará renunciada por haberse formulado conjuntamente con otra u otras defensas u objeciones en una alegación responsiva o moción. Si en una alegación se formula una reclamación contra la cual la parte no está obligada a presentar una alegación responsiva, dicha parte podrá mantener en el juicio cualquier defensa de hechos o de derecho contra tal reclamación. **Si en una moción en que se formula la defensa (5) se exponen materias no contenidas en la alegación impugnada, y éstas no son excluidas por el tribunal, la moción deberá ser considerada como una solicitud de sentencia sumaria y estará sujeta a todos los trámites ulteriores provistos en la Regla 36 hasta su resolución final, y todas las partes deberán tener una oportunidad razonable de presentar toda materia pertinente a tal moción bajo dicha regla.** (Énfasis nuestro).

La citada regla establece los fundamentos para que una parte en un pleito pueda solicitar la desestimación de una demanda en su contra, mediante la presentación de una moción fundamentada en cualesquiera de los motivos en ella expuestos. *El Día, Inc. v. Mun. de Guaynabo*, 187 DPR 811, 820-821 (2013); *Asoc. Fotoperiodistas v. Rivera Schatz*, 180 DPR 920, 935 (2011).

A los fines de disponer de una moción de desestimación, el tribunal está obligado a dar por ciertas y buenas todas las alegaciones fácticas de la demanda radicada y que hayan sido aseveradas de manera clara. *Torres Torres v. Torres et al.*, 179 DPR 481, 501 (2010); *Perfect Cleaning v. Cardiovascular*, 172 DPR 139, 149 (2007); *Colón v. Lotería*, 167 DPR 625, 649 (2006). De igual modo, la demanda no debe desestimarse a menos que se desprenda con toda claridad y certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo a su reclamación. *Rivera Sanfeliz et al. v. Jta. Dir. First Bank*, 193 DPR 38 (2015).

Conforme la Regla 10.7 de Procedimiento Civil, 32 LPRA Ap. V, la parte que presente una moción de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, tiene que acumular en esa moción todas las defensas que la precitada Regla le permite presentar mediante moción. De no hacerlo, se entenderán renunciadas, salvo que la moción esté fundada en falta de jurisdicción sobre la materia. Regla 10.2(1) de Procedimiento Civil, *supra.* Tampoco se entenderán renunciadas las defensas privilegiadas contempladas en la Regla 10.8(b) de Procedimiento Civil, *supra,* R. 10.8 (b).

Cuando de las alegaciones de la demanda surja que la acción prescribió, la parte contra la cual se reclama puede presentar una moción de desestimación por prescripción al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, esto es, que la demanda deja de exponer una reclamación que justifique la concesión de un remedio. *Conde Cruz v. Resto Rodríguez et al., supra*; *Sánchez v. Aut. de los Puertos*, 153 DPR 559 (2001). Asimismo, la defensa de dejar de exponer una reclamación que justifique la concesión de un remedio no está sujeta a la regla general sobre acumulación y renuncia de defensas que instituye la Regla 10.7 de Procedimiento Civil, *supra*. Esta defensa —de ordinario— no se entiende renunciada, aun si no se acumula en una moción al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, y puede plantearse en cualquier momento, incluso, luego de comenzado el juicio. Regla 10.8(b) de Procedimiento Civil, *supra*. Sin embargo, cuando la moción de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, se basa en una de las defensas afirmativas de la Regla 6.3 de Procedimiento Civil, *supra,* se entienden renunciadas si no se plantearon en la primera alegación responsiva.

Por último, si en una moción de desestimación fundamentada en el inciso (5) de la Regla 10.2 de Procedimiento Civil, *supra,* "se exponen materias no contenidas en la alegación impugnada, y el tribunal no las excluye, la moción debe considerarse como una [solicitud] de sentencia sumaria". *Sánchez v. Aut. de los Puertos, supra,* pág. 570. De este modo, la moción estará sujeta a todos los trámites provistos por la Regla 36 de Procedimiento Civil, *supra,* R. 36, hasta su resolución final. *Bonnelly Sagrado et al. v. United Surety,* 207 DPR 715, 722–723 (2021).

Sobre lo anterior, nuestro Tribunal Supremo ha expresado:

> La conversión de una moción de desestimación en una de sentencia sumaria, a tenor con esta regla, puede ocurrir cuando cualesquiera de las partes, el promovente o el promovido, someten materia que no formó parte de las alegaciones, tales como: deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. El tribunal tiene plena discreción para aceptar o no la materia evidenciaria que se acompaña. Esta discreción normalmente la ejerce tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Si de la materia ofrecida surge que el caso no se debería despachar sumariamente y que para su resolución se debería celebrar una vista en su fondo, el tribunal denegaría tanto la conversión de la moción de desestimación en una de sentencia sumaria, como la concesión de la desestimación. *Torres Capeles v. Rivera Alejandro,* 143 DPR 300, 309 (1997) citando en *Bonnelly Sagrado et al v. United Surety,* supra, pág. 723.

## C.

La prescripción es una institución que extingue un derecho por la inacción de una parte que debió ejercerlo durante un periodo de tiempo determinado. *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 372–373 (2012). El Artículo 1189 del Código Civil de 2020, 31 LPRA sec. 9481, define la figura de la prescripción como, "una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo. Las acciones prescriben por el mero lapso del tiempo fijado por ley." Asimismo, nuestro más alto foro ha señalado que existen dos tipos de

prescripción: (1) la prescripción extintiva; y (2) la prescripción adquisitiva. *Bravman, González v. Consejo Titulares*, 183 DPR 827, 877 (2011). En cuanto a la extintiva, dicha figura lo que persigue es "evitar la incertidumbre y propiciar la estabilidad jurídica." *Arzuaga et als. v. Empresas Brunet et al.*, 211 DPR 803 (2023). Además, nos dice el Código Civil de 2020 que "[l]os plazos de prescripción comienzan a transcurrir cuando el legitimado activo conoce o debe conocer la existencia del derecho a reclamar y la identidad de la persona contra quien puede actuar. El desconocimiento del nombre de la persona responsable no impide el ejercicio de la acción." 31 LPRA sec. 9482.

Existen tres maneras de interrumpir un término prescriptivo de una acción: (1) mediante la vía judicial correspondiente, (2) una reclamación extrajudicial, y (3) el reconocimiento de la deuda por parte del deudor. Producida la interrupción, comienza nuevamente a transcurrir el cómputo del plazo prescriptivo. Artículo 1198 del Código Civil de 2020, 31 LPRA sec. 9490; *Ross Valedón v. Hosp. Dr. Susoni et al.*, 2024 TSPR 10, 213 DPR __ (2024); *Conde Cruz v. Resto Rodriguez et al, supra*, pág. 1067.

Nuestro Tribunal Supremo ha establecido dos tipos de interrupción a la prescripción: (1) la interrupción simple, también conocida como interrupción de carácter instantáneo; y (2) la congelación o interrupción con carácter duradero. *Díaz Santiago v. International Textiles*, 195 DPR 862, 868–869, (2016). En cuanto a la primera, el acto interruptor inicia un nuevo término prescriptivo que comenzará a computarse inmediatamente desde que ocurre el acto interruptor. *Id.* En cuanto a la congelación, al igual que en la interrupción simple, el acto interruptor inicia un nuevo término prescriptivo, sin embargo, "este habrá de comenzar a computarse en un momento posterior." *Id.*

Por su lado, la reclamación judicial tiene el efecto de interrumpir y congelar el término prescriptivo si la acción se presentó oportuna y eficazmente, por lo que el nuevo término comenzará a correr cuando culmine el proceso judicial. *Id.*; *Ross Valedón v. Hosp. Dr. Susoni et al., supra*; *Suárez Ruiz v. Figueroa Colón,* 145 DPR 142, 151 (1998). Por otro lado, una reclamación extrajudicial podría tener el efecto de interrupción simple o podría producir un efecto congelador sobre el término prescriptivo que durará hasta que ocurra cierto evento posterior. *Maldonado v. Russe,* 153 DPR 342, 353 (2001). "Una reclamación extrajudicial que interrumpe el término prescriptivo se define como una manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo." *Díaz Santiago v. International Textiles, supra,* pág. 870. Asimismo, el propósito de dicha reclamación extrajudicial es interrumpir el término prescriptivo de las acciones, fomentar las transacciones extrajudiciales, y notificar, a grandes rasgos, la naturaleza de la reclamación. *Cacho González et al. v. Santarrosa et al.,* 203 DPR 215, 228 (2019).

Sin embargo, a pesar de que no existen exigencias de forma para realizar una reclamación extrajudicial, nuestra alta curia ha reiterado que toda reclamación extrajudicial deberá cumplir con los siguientes requisitos para poder interrumpir el término prescriptivo: (1) debe ser oportuna, lo que exige que sea presentada dentro del término establecido; (2) el reclamante debe poseer legitimación, por lo que la reclamación debe ser ejercida por el titular del derecho o acción cuya prescripción pretende interrumpirse; (3) el medio utilizado para realizar la reclamación debe ser idóneo, y (4) debe existir identidad entre el derecho reclamado y aquel afectado por la prescripción. *Birriel Colón v. Econo y otros,* 2023 TSPR 120, 213 DPR __ (2023); *Maldonado v. Russe, supra,* pág. 353.

Las reclamaciones ante las agencias administrativas deben ser examinadas a la luz de los requisitos de las reclamaciones extrajudiciales. *Díaz Santiago v. International Textiles, supra.* Sobre esto, el Tribunal Supremo ha expresado que una gestión ante agencias administrativas puede tener el efecto de congelar el término si "el trámite interno o administrativo guarda identidad de propósitos con la acción judicial, situaciones en las cuales el término queda congelado hasta tanto culmine todo el proceso". *Maldonado v. Russe, supra*, pág. 353. No obstante, aunque no ocurra la congelación del término prescriptivo, la notificación de la querella puede tener el efecto de interrumpir el término prescriptivo si cumple con todos los requisitos de una reclamación extrajudicial. *Díaz Santiago v. International Textiles, supra,* pág. 871.

**D.**

La Ley Núm.100, *supra*, le brinda a la clase obrera del país una protección estatutaria contra diversos tipos de discrimen en el empleo. *Mestres Dosal v. Dosal Escandón*, 173 DPR 62, 67 (2008). Por su parte, la Ley Núm. 69, *supra*, prohíbe de forma específica el discrimen en el empleo por razón de sexo. *Suárez Ruiz v. Figueroa Colón, supra,* pág. 148.

El término prescriptivo bajo la Ley Núm. 100, *supra*, para presentar una reclamación judicial es de un (1) año. *S.L.G. Serrano-Báez v. Foot Locker*, 182 DPR 824, 833 (2011). Dicho término quedará interrumpido cuando se notifique al patrono o querellado, la presentación de la querella ante la Unidad Antidiscrimen en el Departamento del Trabajo y Recursos Humanos. *Id.* Igualmente, el término prescriptivo estará suspendido mientras la querella continúe su trámite en la Unidad Antidiscrimen y no se haya notificado al querellado una determinación sobre la reclamación. *Id.* Además, cabe señalar que el término prescriptivo puede ser interrumpido por la reclamación extrajudicial, la presentación de la

acción judicial correspondiente o por el reconocimiento de la deuda por parte del patrono o de su agente autorizado. *Id.*

En cuanto al término prescriptivo de la Ley Núm. 69, *supra*, el Tribunal Supremo de Puerto Rico ha reconocido que, por su carácter indemnizatorio de naturaleza similar a las acciones instadas bajo de la Ley Núm. 100, *supra*, el término prescriptivo es el de un (1) año. *Suárez Ruiz v. Figueroa Colón, supra.*

**E.**

La Ley Núm. 115, *supra*, provee protección a los empleados contra posibles represalias por parte de un patrono, por el ofrecimiento de algún testimonio o alguna información ante ciertos foros. *Velázquez Ortiz v. Mun. de Humacao*, 197 DPR 656, 668–669 (2017). En específico, el Artículo 2 (a) dispone:

> (a) Ningún patrono podrá despedir, amenazar o discriminar contra un empleado con relación a los términos, condiciones, compensación, ubicación, beneficios o privilegios del empleo porque el empleado ofrezca o intente ofrecer, verbalmente o por escrito, cualquier testimonio, expresión o información ante un foro legislativo, administrativo o judicial en Puerto Rico, así como el testimonio, expresión o información que ofrezca o intente ofrecer, en los procedimientos internos establecidos de la empresa, o ante cualquier empleado o representante en una posición de autoridad, cuando dichas expresiones no sean de carácter difamatorio ni constituyan divulgación de información privilegiada establecida por ley.

Además, la Ley. Núm. 115, *supra*, establece dos vías para que los empleados puedan establecer una causa de acción por represalias. En la primera, el empleado debe valerse de evidencia directa o circunstancial para probar una violación de la ley. Artículo 2 (c) de la Ley Núm. 115, 29 LPRA sec. 194a(c). En la segunda, el empleado puede establecer un caso *prima facie* de represalias demostrando que participó en una actividad protegida y que fue subsiguientemente despedido, amenazado o discriminado. *Id.* Establecido un caso *prima facie* por parte del empleo, el patrono deberá alegar y fundamentar una razón legítima y no

discriminatoria para la acción adversa. *S.L.G. Rivera Carrasquillo v. A.A.A.* 177 DPR, 345, 362 (2009). "De alegar y fundamentar el patrono dicha razón, el empleado deberá demostrar que la razón alegada por el patrono era un mero pretexto para el despido." Artículo 2 de Ley Núm. 115, *supra.*

En cuanto a la segunda vía, se ha establecido que la proximidad temporal entre la actividad protegida y la acción adversa debe ser cercana. *Feliciano Martes v. Sheraton,* 182 DPR 368, 397–398 (2011). Es decir, una acción adversa tomada contra un empleado inmediatamente después de que este incurra en una actividad protegida constituirá prueba indirecta suficiente de la existencia de un nexo causal entre ambos acontecimientos. *Id.* No obstante, el elemento temporal no puede catalogarse como que resulta insuficiente para probar el nexo causal, por lo que se requiere que el empleado constate elementos adicionales que comprueben la existencia de dicho nexo entre la actividad protegida y la acción disciplinaria adversa. *Id.* De este modo, el trabajador deberá presentar evidencia que establezca: (1) que fue tratado de forma distinta a otros empleados; (2) que existió un patrón de conducta antagónica en su contra; (3) que las razones articuladas por el patrono para fundamentar su acción adversa están plagadas de incongruencias, o (4) cualquier otra evidencia que obre en el expediente para establecer el elemento del nexo causal. Lo anterior implica, necesariamente, un acercamiento caso a caso. *Id.*

La Ley Núm. 115, *supra,* dispone que "[c]ualquier persona que alegue una violación a esta Ley podrá instar una acción civil en contra del patrono **dentro de tres (3) años de la fecha en que ocurrió dicha violación**..." Artículo 2 (b), 29 LPRA sec. 194a (Énfasis nuestro). Por otro lado, Ley Núm. 4, *supra,* en su Artículo 2.18, 29 LPRA sec. 122q, establece que

> Las acciones derivadas de un contrato de empleo o los beneficios que surgen en virtud de un contrato de empleo, prescribirán al año, contado a partir del

momento en que se pueda ejercer la acción**, a menos que se disponga expresamente de otra manera en una ley especial o en el contrato de empleo.** No obstante, las causas de acción surgidas previo a la vigencia de esta Ley, tendrán el término prescriptivo bajo el ordenamiento jurídico anterior aplicable. (Énfasis nuestro).

**III.**

De entrada, conviene comenzar por señalar que el señor Campos Nieves aceptó en su recurso apelativo que el TPI correctamente desestimó por prescripción la causa de acción por despido injustificado bajo la Ley Núm. 80, *supra*, y la causa de acción al amparo del Título VII del *Civil Right Act* de 1964, *supra*. Además, tampoco está ante nuestra consideración asunto alguno respecto a la causa de acción por daños y perjuicios bajo el Código Civil de Puerto Rico 2020. No obstante, le imputa en su recurso apelativo la comisión de tres errores al foro primario. En primer lugar, el señor Campos Nieves señala que erró el TPI al declarar con lugar la *Moción de Desestimación* al amparo de la Regla 10.2 de Procedimiento Civil, *supra*, presentada por FamCoop. En segundo lugar, señala que incidió el TPI al desestimar la causa de acción de represalia al amparo de la Ley Núm. 115, *supra*. Por último, arguye que erró el TPI al concluir que el Artículo 2.13 de la Ley Núm. 4, *supra*, tuvo el efecto de uniformar los términos prescriptivos de las causas de acción locales con las federales para presentar acciones judiciales de discrimen en el empleo en el TPI dentro de noventa (90) días desde que la EEOC o la UAD emiten su determinación final.

En cuanto al primer error, si en una moción de desestimación fundamentada en la Regla 10.2(5) de Procedimiento Civil, "se exponen materias no contenidas en la alegación impugnada, y el tribunal no las excluye, la moción debe considerarse como una [solicitud] de sentencia sumaria". *Sánchez v. Aut. de los Puertos, supra*, pág. 570. De este modo, la moción estará sujeta a todos los trámites provistos por la Regla 36 de Procedimiento Civil, 32 LPRA

Ap. V, hasta su resolución final. *Bonnelly Sagrado et al. v. United Surety, supra.* Así pues, cuando una parte somete alguna materia que no formó parte de las alegaciones, el tribunal tendrá plena discreción para aceptar o no la materia evidenciaria que se acompaña. Esta discreción normalmente la ejerce tomando en consideración si la materia que se ofrece y la conversión subsiguiente facilitará o no la disposición del caso. Si de la materia ofrecida surge que el caso no se debería disponer sumariamente y que para su resolución se debería celebrar una vista en su fondo, el tribunal debe negar la conversión de la moción de desestimación, como la conversión de esta en una sentencia sumaria. *Bonnelly Sagrado et al v. United Surety, supra.*

Surge del caso ante nuestra consideración que el señor Campos Nieves presentó su *Querella* acompañada de los siguientes documentos: 1) Descripción del puesto; 2) Querella de discrimen en la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos de Puerto Rico; 3) Capturas de pantalla de teléfono de las llamadas que recibió el señor Campos Nieves del gerente general de FamCoop; 4) Certificación de cuidado médico y del Administrador de la Corporación del Fondo del Seguro del Estado; 5) Política del Lugar de Empleo Libre de Hostigamiento; 6) Documento; 7) Carta de Renuncia ;y 8) Carta del 7 de diciembre de 2021 sobre autorización de la UAD para litigar el caso en el TPI. Por su parte, FamCoop presentó una *Moción de Desestimación* y posteriormente presentó una moción donde anejó los siguientes documentos en apoyo a la *Moción de Desestimación*: 1) Contrato de Empleo del señor Campos Nieves; 2) Carta de Renuncia; 3) Querella presentada ante la UAD, y 4) carta de la UAD autorizando la presentación del pleito en el TPI.

El señor Campos Nieves apunta en su recurso apelativo que la *Moción de Desestimación* debía ser convertida a una sentencia

sumaria toda vez que se acompañó con documentación. Sin embargo, no se deprende del expediente que se haya presentado evidencia extrínseca sobre lo expuesto en las alegaciones de la *Querella*. En este caso, FamCoop presentó una *Moción de Desestimación* donde levantó defensas legales referente a la prescripción de causas de acción que ya habían sido alegadas en la *Querella* y que, además, acompañó dicha moción con documentos que habían sido presentados en la *Querella* por el señor Campos Nieves.

Ahora bien, tomando como ciertas las alegaciones de la *Querella*, procedemos a aplicar el derecho al segundo y tercer error.

Sobre el segundo error, el TPI dispuso de la acción bajo la Ley Núm. 115, *supra*, por el fundamento de que las alegaciones de la *Querella* no cumplieron con el estándar de plausibilidad que dispone la Regla 6.1 de Procedimiento Civil, *supra*. Disentimos de esta apreciación del TPI.

Según discutido anteriormente, la Regla 6.1 de Procedimiento Civil, *supra*, establece que las alegaciones deben contener: (1) una relación sucinta y sencilla de los hechos que demuestran que procede el remedio solicitado, y (2) la solicitud del remedio que se alega debe concederse. Asimismo, la Ley Núm. 115, *supra*, establece que, para entablar una acción por represalias bajo el referido estatuto, se debe establecer un caso *prima facie* demostrando que: (1) participó de una actividad protegida según dispone la ley; y (2) que hubo una acción adversa en su contra posterior a ello. Por tanto, el señor Campos Nieves debía alegar que participó de una actividad protegida y que, subsiguientemente, FamCoop tomó una acción adversa en su contra.

Surge del expediente que el señor Campos Nieves fue suspendido el 7 de noviembre de 2020 por los sucesos ocurridos el 4 de noviembre de 2020. Ante esto, el señor Campos Nieves

presentó el 10 de noviembre de 2021, una *Querella* en la UAD por discrimen por orientación sexual bajo la Ley Núm. 100, *supra,* y la Ley Núm. 69, *supra.* Asimismo, en la *Querella* presentada ante el TPI, el señor Campos Nieves alegó que cuando regresó de la suspensión -luego de haber sido notificada la querella de la UAD al patrono -se encontró con que alegadamente lo habían despojado de sus funciones administrativas, le redujeron su jornada laboral, sentía hostigamiento por parte de la gerencia de FamCoop y, además, se sentía discriminado. Incluso, alegó que, debido a esto, tuvo que recibir tratamiento psicológico, y posteriormente se vio obligado a renunciar. Así pues, surge de la *Querella* que el señor Campos Nieves presentó alegaciones sucintas y sencillas de los hechos que demuestran que procede el remedio solicitado. Por tanto, determinamos que las alegaciones incluidas en la *Querella* resultan suficientes para establecer un caso *prima facie* por represalia. Sin prejuzgar los méritos del caso, la *Querella* presentada enunciaba la presencia de actos de represalia bajo la Ley Núm. 115, *supra.*

Por último, en cuanto al tercer error, FamCoop arguye que la prescripción de las reclamaciones bajo la Ley Núm. 100, *supra*, y la Ley Núm. 69, *supra,* por estar relacionadas al discrimen en el empleo, son compatibles con el Título VII del *Civil Right Act* de 1964, por lo que deben ser interpretados consistentemente según establece el Artículo 2.13 de la Ley Núm. 4, *supra.* En ese sentido, una vez emitida la decisión final de la UAD, la parte tendrá noventa (90) días para instar la acción en el TPI. No nos persuade este argumento.

Nuestro más alto foro ha resuelto que el término prescriptivo para presentar una acción judicial bajo la Ley Núm. 100, *supra*, y la Ley Núm. 69, *supra*, es de un año. *S.L.G. Serrano-Báez v. Foot Locker, supra.* Dicho término quedará interrumpido cuando se

notifique al patrono o querellado, la presentación de la querella ante la UAD. *Id.* Igualmente, el término prescriptivo estará suspendido mientras la querella continúe su trámite en dicha agencia y no se haya notificado al querellado una determinación sobre la reclamación. *Id.* Nada señala la Ley Núm. 100, *supra*, y la Ley 69, *supra*, referente al término de noventa días (90) una vez la agencia emite una determinación final.

Ciertamente, en el caso ante nuestra consideración se desprende que el 10 de noviembre de 2020 el señor Campos Nieves presentó la *Querella* sobre discrimen al amparo de la Ley Núm. 100, *supra*, y Ley Núm. 69, *supra*, ante la UAD. Así las cosas, desde ese momento el término prescriptivo quedó interrumpido extrajudicialmente. Además, dicho término quedó suspendido hasta el 10 de diciembre de 2021, cuando la agencia notificó la carta para presentar el pleito en el TPI. Así pues, a partir de esta última fecha el señor Campos Nieves tenía un año para ejercitar su derecho ante el TPI, lo cual ocurrió en este caso. Es decir, el señor Campos Nieves tenía hasta el 10 de diciembre de 2022 para instar su caso en el foro primario y este fue presentado el 6 de diciembre de 2022. Por tanto, la acciones bajo la Ley Núm. 100, *supra*, y Ley Núm. 69, *supra*, no estaban prescritas.

En consecuencia, resolvemos que no se cometió el primer error. Sin embargo, se cometieron el segundo y tercer error toda vez que las alegaciones de la *Querella* cumplían con la Regla 6.1 de Procedimiento Civil, *supra*, y las causas de acción bajo la Ley Núm. 100 y 69, *supra*, no estaban prescritas.

**IV.**

Por los fundamentos anteriormente expuestos, se modifica la Sentencia apelada y se ordena la continuación de los procedimientos según lo aquí resuelto.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.  La jueza Álvarez Esnard concurre sin voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones