ELIZABETH SUÁREZ RUIZ y OTROS, apelantes, *v.* ANÍBAL FIGUEROA COLÓN y OTROS, apelados.

*Número:* AC-95-42          *Resuelto:* 25 de marzo de 1998

*Rafael A. Nadal Arcelay* y *Claribel Ortiz Rodríguez*, de *Cancio, Nadal, Rivera & Díaz,* abogados de la parte apelante; *Carlos Lugo Fiol, Procurador General, Jackeline Novas Debién, Subprocuradora General,* y *María Adaljisa Dávila Vélez, Procuradora General Auxiliar,* abogados del Estado Libre Asociado, apelado.

EL JUEZ ASOCIADO SEÑOR HERNÁNDEZ DENTON emitió la opinión del Tribunal. .

Elizabeth Suárez Ruiz nos solicita que revisemos la sentencia del Tribunal de Circuito de Apelaciones que desestimó parcialmente la acción de hostigamiento sexual por el fundamento de prescripción. Por haber transcurrido el término para presentar dicha acción sin que éste haya sido interrumpido, concluimos que está prescrita.

I

La demandante Suárez Ruiz, al momento de la presentación de la demanda, era empleada del Departamento de Educación desde 1988. Alega que desde que comenzó a laborar como maestra en la Escuela Josefina León Zayas de Jayuya en 1989 su supervisor inmediato, el Sr. Aníbal Figueroa Colón, la hostigó sexualmente. Los alegados actos constitutivos de hostigamiento sexual continuaron, por lo

que el 17 de octubre de 1991 la demandante le remitió una carta a la entonces Superintendente de Escuelas de Jayuya en la cual le comunicó la situación y le solicitó que los supervisores de Figueroa Colón tomaran acción sobre el asunto. En virtud de dicha gestión se tramitó una querella ante la Unidad de Tramitación de Querellas del Departamento de Educación. Eventualmente, Suárez Ruiz solicitó su traslado. En abril de 1992 se le concedió su solicitud y en agosto del mismo año se le trasladó a la Escuela Carmen Sala de Jayuya.

Con motivo de la presentación de la querella, la Unidad de Tramitación de Querellas del Departamento de Educación citó a la demandante en tres (3) ocasiones. La última de estas reuniones se celebró el 2 de octubre de 1992. En esa ocasión, el Coordinador de Querellas del Departamento de Educación le indicó a la querellante que debía desistir de la querella, toda vez que ya no existía el hostigamiento por haber sido trasladada de su puesto anterior. La demandante se negó. El 6 de octubre de 1992 se emitió una resolución para desestimar la querella. Esta resolución no le fue notificada a las partes interesadas.

En marzo de 1994, Suárez Ruiz presentó una demanda contra Aníbal Figueroa Colón, en su capacidad personal y como Director Ejecutivo del Instituto de Reforma Educativa. También fueron demandados en su carácter oficial José Arsenio Torres, entonces Secretario del Departamento de Educación; Cristina Cancel, Superintendente de Escuelas de Jayuya, y Heriberto Crespo, Coordinador de Querellas del Departamento de Educación.

Suárez Ruiz fundamentó su reclamo en las Constituciones del Estado Libre Asociado de Puerto Rico y de Estados Unidos, en la Ley Núm. 17 de 22 de abril de 1988 (29 L.P.R.A. sec. 155 *et seq.*), en la Ley Núm. 69 de 6 de julio de 1985 (29 L.P.R.A. sec. 1321 *et seq.*) y en el Título VII de la Ley Federal de Derechos Civiles de 1964 (42 U.S.C. sec. 2000e *et seq.*). El 18 de marzo de 1994 la demanda original

fue enmendada para añadir una segunda causa de acción por libelo y difamación contra uno de los codemandados, el señor Figueroa Colón, por alegadamente éste haber expresado públicamente que la demandante era una profesional "deficiente e incompetente".

Luego de varios incidentes procesales, la parte demandada presentó una Moción de Desestimación, en la cual alegó que la causa de acción estaba prescrita. El Tribunal de Primera Instancia acogió dicho planteamiento, por lo que dictó una sentencia mediante la cual desestimó la demanda en su totalidad.

Suárez Ruiz apeló la decisión ante el Tribunal de Circuito de Apelaciones, el cual modificó la sentencia dictada por el foro de instancia. A juicio del Tribunal de Circuito de Apelaciones, las reclamaciones monetarias en concepto de daños y perjuicios, que habían sido solicitadas en la acción por hostigamiento sexual, estaban prescritas. No obstante, determinó que la reclamación de Suárez Ruiz para que la reinstalaran en su puesto anterior, así como la segunda causa de acción sobre la difamación y el libelo, no estaban prescritas. El fundamento esgrimido por el tribunal, en apoyo de su conclusión, fue el hecho de que la presentación de la querella tuvo el efecto de interrumpir el término prescriptivo con relación a la reinstalación de la demandante en su puesto anterior, no así con respecto a la reclamación por daños.[1]

Inconforme, Suárez Ruiz recurre ante nos y alega, en síntesis, que la presentación de la querella en la Unidad de Tramitación de Querellas del Departamento de Educación tuvo el efecto de interrumpir el término prescriptivo, por lo que la reclamación en concepto de daños no está prescrita.

---

[1] Resulta pertinente aclarar que si se determina que hubo interrupción del término prescriptivo, se habrá de entender que es para todos los fines de la acción por hostigamiento sexual. No puede concluirse que se interrumpe con respecto a unos remedios y con respecto a otros no.

## II

Para atender la controversia planteada en el caso del epígrafe, resulta pertinente determinar cuál es el término prescriptivo de las acciones instadas a tenor de la Ley Núm. 17, *supra*, conocida como la Ley contra el Hostigamiento Sexual en el Empleo, o con la Ley Núm. 69, *supra*, conocida como la Ley de Discrimen en el Empleo por Razón de Sexo. Ninguno de estos estatutos expresa cuál es el término prescriptivo de las causas de acción que allí se reconocen. Ante el silencio de estas leyes, procede utilizar el procedimiento analógico para determinar el término prescriptivo de las acciones instadas a tenor de ellas. *Lozada Torres v. Collazo*, 111 D.P.R. 702 (1981); *Olmo v. Young & Rubicam of P.R., Inc.*, 110 D.P.R. 740 (1981). Veamos.

La Sec. 1 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico, L.P.R.A., Tomo 1, ed. 1982, pág. 257, dispone que:

> La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la Ley. No podrá establecerse discrimen alguno por motivo de raza, color, *sexo*, nacimiento, origen o condición social, ni ideas políticas o religiosas. Tanto las leyes como el sistema de instrucción pública encarnarán estos principios de esencial igualdad humana. (Énfasis suplido.)

La Ley Núm. 100 de 30 de junio de 1959 (29 L.P.R.A. sec. 146 *et seq.*), conocida como Ley de Discrimen en el Empleo, fue creada para ofrecer una protección eficaz a los trabajadores contra diversos tipos de discrimen en el empleo, incluyendo el discrimen por razón de sexo. Por su parte, la Ley Núm. 69, *supra*, prohíbe de forma específica el discrimen en el empleo por razón de sexo. Mientras que el hostigamiento sexual en el empleo está proscrito por la Ley Núm. 17, *supra*.[2] Así pues, estas leyes de naturaleza

---

[2] Hemos señalado que la Ley Núm. 17 de 22 de abril de 1988 (29 L.P.R.A. sec. 155 *et seq.*), conocida como la Ley contra el Hostigamiento Sexual en el Empleo,

indemnizatoria constituyen parte de un esquema legislativo dirigido a implantar la política pública del Estado contra el discrimen por razón de sexo, práctica ilegal e indeseable que atenta contra el principio constitucional anteriormente esbozado.

A pesar de que este Tribunal no ha tenido la ocasión de expresar cuál es el término prescriptivo aplicable a las acciones instadas a tenor de las citadas Leyes Núm. 17 o Núm. 69, en *Olmo v. Young & Rubicam of P.R.*, supra, resolvimos que el término aplicable a las acciones instadas a tenor de la Ley Núm. 100, *supra*, y las acciones en las que se reclaman daños y perjuicios en virtud de nuestra Ley de Derechos Civiles, 1 L.P.R.A. sec. 13, es el de un (1) año. Allí expresamos que:

> Al igual que en el caso de las acciones indemnizatorias de tipo general, conviene que el subtipo de las acciones por violaciones de derechos humanos se incoe y dilucide con prontitud. La prueba a menudo es evanescente. Puede esfumarse con rapidez. No es vino que madure con los años. Además del interés de la parte agraviada, existe vital interés público de que estos pleitos, en bien de la salud colectiva, se ventilen con la debida celeridad. *Olmo v. Young & Rubicam of P.R., Inc.*, supra, pág. 747.

■ Por constituir la Ley de Discrimen en el Empleo por Razón de Sexo y la Ley de Hostigamiento Sexual en el Empleo parte de un esquema legislativo dirigido a erradicar el discrimen por razón de sexo en el empleo; por éstas reconocer acciones de carácter indemnizatorio de naturaleza similar a las acciones instadas a tenor de la Ley Núm. 100, *supra*, y a acciones según el Art. 1802 del Código Civil, 31 L.P.R.A. sec. 5141, y por iguales fundamentos a los esbozados en *Olmo v. Young & Rubicam of P.R., Inc.*, supra, resolvemos que en ausencia de una disposición legislativa,

---

consagra una modalidad del discrimen por razón de sexo. *Delgado Zayas v. Hosp. Int. Med. Avanzada*, 137 D.P.R. 643 (1994); *Rodríguez Meléndez v. Sup. Amigo, Inc.*, 126 D.P.R. 117 (1990).

el término prescriptivo de las acciones instadas a tenor de las leyes mencionadas es el de un (1) año.

Una vez establecido el término prescriptivo que se tenía para presentar esta acción judicial, resulta oportuno revisar los principios generales acerca de las formas de interrupción de la prescripción.

## III

En conformidad con el Art. 1873 del Código Civil, 31 L.P.R.A. sec. 5303, la prescripción se interrumpe por su ejercicio ante los tribunales, por reclamación extrajudicial del acreedor y por cualquier reconocimiento de deuda por el deudor. *Díaz de Diana v. A.J.A.S. Ins. Co.*, 110 D.P.R. 471 (1980).

Uno de los efectos de la interrupción de la prescripción es que, una vez interrumpida, el término debe comenzar a computarse de nuevo por entero al cesar la causa interruptiva. *De Jesús v. Chardón*, 116 D.P.R. 238 (1985); *Díaz de Diana v. A.J.A.S., Ins. Co.*, supra. No obstante, en el contexto de interrupción de la prescripción, precisa distinguir cuándo es que ha de comenzar a computarse nuevamente el término prescriptivo. Sobre este extremo se ha señalado:

> ... [S]e suele distinguir entre una interrupción de carácter instantáneo y una interrupción de efectos duraderos. En el primer caso, el mismo acto interruptivo hace irrelevante el tiempo pasado y el nuevo cómputo debe iniciarse en el mismo momento. En el segundo caso, el acto interruptivo borra la prescripción pasada, pero el nuevo cómputo o la nueva prescripción no comienza hasta un momento posterior.[3] L. Díez-Picazo, *La Prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 138.

---

[3] En lo sucesivo reservaremos el término *interrumpir* al primer supuesto y el término *congelar* al segundo. Se trata de dos (2) formas diferentes de computar el término prescriptivo al éste interrumpirse mediante alguna de las formas reconocidas en nuestro ordenamiento jurídico.

■ Así por ejemplo, cuando se interrumpe el término prescriptivo de una acción por su ejercicio ante los tribunales, se trata del segundo supuesto de interrupción de la prescripción. Esto es así porque el plazo prescriptivo se "congela" y comienza a transcurrir de nuevo, no con la interposición de la demanda, sino cuando termina efectivamente la acción ejercitada. *Silva Wiscovich v. Weber Dental Mfg. Co.*, 119 D.P.R. 550 (1987); *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982); *Moa v. E.L.A.*, 100 D.P.R. 573 (1972).

■ En el contexto del tema de la interrupción de la prescripción resolvimos en *Srio. del Trabajo v. F.H. Co., Inc.*, 116 D.P.R. 823 (1986), y reiteramos en *Matos Molero v. Roche Products, Inc.*, 132 D.P.R. 470 (1993), que la presentación de una querella administrativa ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos (en adelante la Unidad Antidiscrimen) o ante la Oficina Federal de Igualdad de Oportunidades en el Empleo (en adelante la EEOC) tiene el efecto de "interrumpir" la acción judicial correspondiente a tenor de la Ley Núm. 100, *supra*. Del análisis de ambos casos se desprende que se trataba de supuestos de *congelación* del término prescriptivo.[4] Es decir, la tramitación de una querella ante la Unidad Antidiscrimen o ante la EEOC tiene el efecto de que el término prescriptivo de un (1) año para acudir al tribunal al amparo de la Ley Núm. 100, *supra*, no se comienza a computar hasta tanto finalice el trámite administrativo. Dicho término comenzará nuevamente a transcurrir al darse por terminados los procedimientos

---

[4] En *Srio. del Trabajo v. F.H. Co., Inc.*, 116 D.P.R. 823 (1986), la acción judicial se presentó luego de haber transcurrido un (1) año y once (11) meses de la presentación de la querella administrativa ante la Unidad Antidiscrimen del Departamento del Trabajo y Recursos Humanos. En *Matos Molero v. Roche Products, Inc.*, 132 D.P.R. 470 (1993), se presentó la acción luego de dos (2) años y siete (7) meses de presentada la querella ante la Oficina Federal Igualdad de Oportunidades en el Empleo.

ante la agencia. 29 L.P.R.A. sec. 150. Véase *Matos Molero v. Roche Products, Inc.*, supra.

En estos casos se reconoció el principio de *congelación* del término prescriptivo de la acción judicial en lo que se dilucidaba la acción administrativa. En ambos casos fundamentamos nuestra decisión en dos (2) aspectos básicos: en la existencia de una identidad de propósitos entre la acción administrativa y la civil, y que la notificación de la querella constituye una reclamación extrajudicial bastante para interrumpir la prescripción.

En el caso de epígrafe se nos solicita que extendamos la norma anteriormente esbozada a un procedimiento interno creado por el patrono para dilucidar quejas relacionadas con discrimen en el empleo, como lo es el hostigamiento sexual. A continuación analizaremos los dos (2) requisitos anteriormente esbozados y si en dicho supuesto éstos se satisfacen.

A. En *Srio. del Trabajo v. F.H. Co., Inc.*, supra, una empleada de la compañía Finetex Hosiery presentó una querella ante la Unidad Antidiscrimen en la que alegó haber sido discriminada en el empleo por razón de su edad. Se notificó al patrono mediante una copia de la querella. Eventualmente el Secretario del Trabajo, tras concluir que había causa probable de discrimen, presentó una acción a tenor de la Ley Núm. 100, *supra*, en representación de la empleada. Allí resolvimos que la presentación de la querella administrativa ante la Unidad Antidiscrimen tuvo el efecto de "interrumpir" la acción judicial. Al concluir que ambas acciones tenían identidad de propósitos, destacamos que el Art. 2 de la Ley Núm. 100, *supra*, 29 L.P.R.A. sec. 147, faculta al empleado a instar una acción para solicitar responsabilidad civil de su patrono, y que en virtud del Art. 5 de dicha ley, 29 L.P.R.A. sec. 150, el Secretario del Trabajo está facultado para instar la demanda y exigir responsabilidad civil del patrono, a iniciativa propia o a

instancia del empleado, en representación y para beneficio de dicho empleado.

Posteriormente, en *Matos Molero v. Roche Products, Inc.*, supra, reiteramos la norma antes esbozada. En este caso, la demandante presentó una querella ante la EEOC por alegadamente haber sido discriminada por razón de sexo. La querella fue transferida a la Unidad Antidiscrimen, la cual la refirió de vuelta a la EEOC. Posteriormente, se presentó la acción judicial a tenor de la Ley Núm. 100, *supra.* Resolvimos que la notificación al patrono de la querella presentada ante la EEOC tuvo el efecto de *congelar* el término prescriptivo de la acción judicial. Fundamentamos nuestra decisión en la estrecha relación de trabajo existente entre ambas agencias, en virtud de un acuerdo de trabajo o *Worksharing Agreement.* Además, consideramos que el efecto práctico de dicho acuerdo consistía en que *"presentar un cargo ante la E.E.O.C. equivale a presentar el cargo ante la Unidad Antidiscrimen, ya que el mismo siempre le será diferido a esta última y notificado al querellado"*. (Énfasis suplido.) *Matos Molero v. Roche Products, Inc.*, supra, pág. 486.

Sin embargo, no existe identidad de propósitos entre una acción judicial instada a tenor de la Ley Núm. 17, *supra*, o de la Ley Núm. 69, *supra*, y un procedimiento investigativo interno del patrono para dilucidar quejas por hostigamiento sexual, por lo que este último no tiene el efecto de *congelar* el término prescriptivo de las causas de acción que en dichas leyes se reconocen. El propósito de este tipo de acción judicial es imponer una responsabilidad civil y criminal al patrono, mientras que el trámite interno ante el patrono tiene como propósito investigar los casos de alegado hostigamiento sexual en el empleo y, de ser necesario, tomar las medidas disciplinarias y correctivas correspondientes. Además, a través de la acción judicial por hostigamiento sexual se persigue dar el debido resarcimiento al agraviado, mientras que el procedimiento in-

terno en el escenario del trabajo se centra en disciplinar al empleado hostigador y en eliminar cualquier ambiente hostil en el empleo.

No podemos atribuirle a una investigación interna realizada por un patrono en el centro de trabajo el mismo carácter que a un procedimiento instado ante las agencias administrativas que estén encargadas del procedimiento de cargos por discrimen en el empleo a nivel estatal y federal. Así lo reconoció la Asamblea Legislativa al enmendar la Ley Núm. 100, *supra*, con un estatuto indemnizatorio de idéntica naturaleza a las citadas Leyes Núms. 17 y 69, para reconocerle únicamente a las acciones presentadas ante la Unidad Antidiscrimen el efecto de *congelar* el término prescriptivo de la acción al amparo de dicha ley.

Hemos expresado que en ausencia de precedentes jurisprudenciales en nuestra casuística en esta área, resulta pertinente acudir a la legislación y a la jurisprudencia persuasiva en el ámbito federal. *Rodríguez Meléndez v. Sup. Amigo, Inc.*, 126 D.P.R. 117 (1990). El Tribunal Supremo de Estados Unidos, al interpretar el Título VII de la Ley Federal Derechos Civiles, *supra*, estatuto que regula lo relativo a diversos tipos de discrimen en el empleo, incluyendo el hostigamiento sexual, ha señalado que la presentación oportuna de una querella ante la agencia administrativa federal encargada de tramitar las querellas por discrimen en el empleo (la EEOC) tiene el efecto de *congelar* el término prescriptivo que se tiene para presentar una acción judicial a tenor de dicha ley. No obstante, se ha resuelto que un procedimiento *interno* para dilucidar quejas referentes a discrimen en el empleo no tiene el efecto de *congelar* el término prescriptivo para presentar la acción judicial en virtud de la Ley Federal de Derechos Civiles. *Delaware State College v. Ricks*, 449 U.S. 250 (1980), citando a *Electrical Workers v. Robbins & Myers, Inc.*, 429 U.S. 229 (1976).

■ B. A la luz de la doctrina anteriormente expuesta, se *congela* la prescripción de una causa de acción por hostigamiento sexual si el empleado agraviado presenta una querella dentro del término prescriptivo ante la *Unidad Antidiscrimen o ante la EEOC*, que son las agencias administrativas encargadas de tramitar los procedimientos administrativos por discrimen en el empleo a nivel federal y estatal.

Es así porque la presentación de una querella ante una de estas agencias administrativas, como se señaló en los casos anteriormente analizados, constituye una de las formas de interrupción de la prescripción extintiva que se reconoce en nuestro ordenamiento jurídico: la reclamación o interpelación extrajudicial. Art. 1873 del Código Civil de Puerto Rico, *supra*. La jurisprudencia interpretativa de dicha disposición legal ha esbozado los requisitos que hay que satisfacer para que se entienda como interrumpida la prescripción por interrupción extrajudicial. En ese sentido se ha señalado que los requisitos de los actos interruptivos son:

> ... (a) *la oportunidad* o *tempestividad*, que requiere que el ejercicio de la acción debe realizarse antes de la consumación del plazo; (b) *la legitimación*, según la cual el ejercicio corresponde al titular del derecho o de la acción; (c) *la identidad*, que consiste en que la acción ejercitada ha de responder exactamente al derecho que está afectado por la prescripción, y (d) la *idoneidad* del medio utilizado. (Énfasis en el original.) *Galib Frangie v. El Vocero de P.R.*, 138 D.P.R. 560, 567 (1995).

■ Un análisis de la información que ha de contener una querella administrativa que se presenta ante la Unidad Antidiscrimen o ante la EEOC justifica la norma establecida en *Srio. del Trabajo v. F.H. Co., Inc.*, supra, y reiterada en *Matos Molero v. Roche Products, Inc.*, supra, de que dicha querella constituye una reclamación extrajudicial a tenor de los requisitos anteriormente esbozados. Una querella presentada ante la Unidad Antidiscrimen o ante la EEOC debe contener, entre otras cosas, la causa o base

del alegado discrimen, la fecha de la ocurrencia de las actuaciones de los querellados, los daños ocasionados y el remedio solicitado. Si el querellante desea incoar una acción judicial independiente por los mismos hechos, deberá notificarlo por escrito a la Unidad Antidiscrimen. Reglamento General para Administrar la Ley Núm. 100, *supra.* La querella en este caso se presenta por el agraviado, es decir, el titular del derecho, y el hecho de que en ella haya que indicar los daños sufridos por el querellante y expresar la intención de presentar una acción independiente por los mismos hechos satisface los requisitos anteriormente esbozados, pues constituye *"la manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo".* (Énfasis suplido.) *Cintrón v. E.L.A.,* 127 D.P.R. 582, 590 (1990).

Como señaláramos anteriormente, entre un procedimiento interno creado por el patrono para atender quejas y una acción por hostigamiento sexual no hay identidad de propósitos; por lo tanto, no opera la *congelación* del término prescriptivo. No obstante, si la notificación de la querella que se presenta en virtud de un procedimiento interno cumple con los requisitos de una reclamación extrajudicial, previamente mencionados, el término prescriptivo para presentar la correspondiente acción judicial quedará *interrumpido.* Es decir, que al *presentarse la querella* en virtud de un procedimiento interno creado por el patrono para dilucidar quejas referentes a hostigamiento sexual en el empleo, comenzará el término prescriptivo que habrá de transcurrir nuevamente.

De modo que para que la presentación de una querella a tenor de un procedimiento interno del patrono para dilucidar quejas por discrimen en el empleo tenga el efecto de *interrumpir* el término prescriptivo de la correspondiente acción judicial, es necesario que cumpla con los requisitos de una reclamación extrajudicial. Por el contra-

rio, además de este último requisito, para que la querella tenga el efecto de *congelarlo* tiene que haber entre ambas acciones una identidad de propósitos.

## IV

En el caso de autos, la querella se presentó en la Unidad de Tramitación de Querellas del Departamento de Educación, una oficina interna de dicho departamento que únicamente tiene la facultad de investigar las quejas presentadas y tomar medidas disciplinarias y correctivas. No hay identidad de propósitos entre una acción instada a tenor de un procedimiento interno creado por el Departamento de Educación para dilucidar quejas referentes a incidentes de hostigamiento sexual en el empleo, cuyo fin sea disciplinario, y una acción instada al amparo de las Leyes Núms. 17 y 69, *supra*. Las acciones instadas en virtud de dichas leyes, a diferencia de la acción administrativa en cuestión, persiguen imponer responsabilidad civil y criminal.

Una vez determinamos que en este caso no existe una identidad de propósitos entre ambas acciones, y por consiguiente es inaplicable la norma de *congelación* del término, resulta pertinente analizar si éste fue *interrumpido*.

De las alegaciones contenidas en la demanda se desprende que Suárez Ruiz presentó una carta a la entonces Superintendente de Escuelas de Jayuya, en la que solicitó la intervención de los supervisores del señor Rivera Colón para que éstos tomaran acción sobre los alegados actos de hostigamiento sexual. Es en virtud de dicho documento que se tramita el procedimiento interno del Departamento de Educación. Demanda, *Exhibit* I. Ni de las alegaciones de la demandante ni de los autos del caso se desprende que en dicha comunicación Suárez Ruiz haya expresado su intención de hacer un reclamo judicial o que había sufrido daños como consecuencia de los alegados actos de hostigamiento sexual. Véase *Galib Frangie v. El Vocero de P.R.*, supra.

· Aun cuando se interpretara que dicha comunicación tuvo el efecto de interrumpir el término de un (1) año que tenía Suárez Ruiz para instar la demanda por hostigamiento sexual, la acción está prescrita. La demanda se presentó en marzo de 1994, es decir, luego de haber transcurrido dos (2) años y cinco (5) meses de enviarse la comunicación escrita.

Por otro lado, si concluyésemos que no operó la interrupción de la prescripción, independientemente de cuál sea la fecha a partir de la cual se comience a computar el término prescriptivo, habiéndose presentado la demanda de hostigamiento sexual en marzo de 1994, la acción por hostigamiento sexual está prescrita. Si tomamos como punto de partida el mes de abril de 1992, fecha cuando se le notificó el traslado, la acción está prescrita pues el término vencía en abril de 1993. A idéntico resultado se llega si concluyésemos que el término prescriptivo comenzó a transcurrir en agosto de 1992, fecha cuando fue efectivo el traslado solicitado por la demandante. Aun si se analizara la situación de la manera más favorable a la demandante apelante, tomando como punto·de partida el 2 de octubre de 1992, fecha de la última gestión realizada por ésta en el trámite administrativo, la causa de acción estaría prescrita, pues la demanda fue presentada el 2 de marzo de 1994, es decir, transcurridos un (1) año y cinco (5) meses después de dicha gestión.

■ La figura de la prescripción de las acciones se basa en el imperativo de castigar la inercia en el ejercicio de los derechos y asegurar el señorío de las cosas, al evitarse litigios difíciles de adjudicar por la antigüedad de las reclamaciones. *Cintrón v. E.L.A.*, supra; *De Jesús v. Chardón*, supra, pág. 243; *Durán Cepeda v. Morales Lebrón*, 112 D.P.R. 623 (1982); *Ortiz v. Municipio de Orocovis*, 113 D.P.R. 484 (1982).

## V

Por último, en lo referente a la causa de acción sobre libelo y difamación, es evidente que no está prescrita. Los hechos que dan lugar a dicha acción ocurrieron el 12 de marzo de 1994. La demanda fue enmendada para añadir esa segunda causa de acción el 18 de marzo de 1994, es decir, seis (6) días después de la alegada ocurrencia de los hechos, por lo que la acción se presentó dentro del término prescriptivo de un (1) año que se tiene para instar la acción de libelo y difamación. *Ojeda v. El Vocero de P.R.*, 137 D.P.R. 315 (1994). Por ende, el Tribunal de Circuito de Apelaciones resolvió correctamente sobre este extremo.

Por los fundamentos expuestos, *se expedirá el auto solicitado y se modifica la sentencia recurrida a los efectos de revocar aquella parte que determinó que el remedio de la reinstalación de Suárez Ruiz solicitado en la acción por hostigamiento sexual no estaba prescrito. Se devolverán los autos del caso al tribunal de instancia para la continuación de los procedimientos en el tribunal de instancia en forma compatible con lo aquí expuesto. Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Negrón García y la Juez Asociada Señora Naveira de Rodón disintieron sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri está conforme con lo pautado en la parte II de la opinión, pero disiente de lo pautado en las partes III y IV.