ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| JORGE REYES MULLER<br><br>Apelante<br><br>v.<br><br>MAPFRE PAN AMERICAN<br><br>Apelado | TA2026AP00228 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Fajardo<br><br>Caso Núm.: LU2025CV00084<br><br>Sobre: Seguros, Incumplimiento Aseguradoras, Huracanes Irma/María; Daños |
| --- | --- | --- |

Panel integrado por su presidenta la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 28 abril de 2026.

Comparece Jorge Reyes Muller (en adelante, el señor Reyes Muller o el apelante) mediante recurso de *Apelación* presentado el 2 de marzo de 2026, nos solicita que dejemos sin efecto la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala de Fajardo (TPI o foro primario) el 28 de diciembre de 2025, notificada el 29 de diciembre de 2025. Mediante el referido dictamen, el foro primario declaró "Ha Lugar" la *Moción de Desestimación* y de *Sentencia Sumaria* presentada por Mapfre Pan American Insurance Company (en adelante, Mapfre o apelado).

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

### I.

El 21 de mayo de 2025, el apelante instó una *Demanda* en contra de MAPFRE por el incumplimiento de la Ley Núm. 247-2018

y los Artículos 27.081, 27.161 al 27.165 del Código de Seguros.[1]

El 7 de julio de 2025, MAPFRE presentó *Aviso de Comparecencia y de Solicitud de prórroga* para alegar o contestar Demanda. El 29 de julio de 2025, MAPFRE presentó *Moción de Desestimación* y de *Sentencia Sumaria*.[2] En síntesis, MAPFRE adujo que procedía la desestimación de todas las acciones presentadas en la *Demanda*, por haberse presentado fuera del término de un (1) año establecido en la Póliza. En la alternativa, argumentó que debía aplicar para las acciones bajo el Código de Seguros el término más análogo de los términos prescriptivos en esta jurisdicción, que propuso lo era el de las acciones de daños y perjuicios extracontractuales, o sea, un (1) año dispuesto por el Art. 1868 del Código Civil de 1930, 31 LPRA sec. 5298 o por el Art. 1204(a) del Código Civil de 2020, 31 LPRA sec. 9496.

El 30 de julio de 2025 el TPI emitió una *Orden* en la cual concedió veinte (20) días al apelante para expresar su posición.[3] Tras la concesión de un término adicional, el 3 de septiembre de 2025, el apelante presentó *Aviso de Demanda Enmendada,* acompañando como anejos la *Demanda Enmendada*.[4] El 22 de septiembre de 2025, el TPI emitió una *Orden* requiriendo a las partes fechas para la celebración de la conferencia inicial.[5] La Conferencia Inicial fue señalada para el 2 de octubre de 2025.

Así las cosas, el 25 de septiembre de 2025 las partes presentaron *Informe para el Manejo del Caso*.[6] El 29 de septiembre de 2025, MAPFRE nuevamente presentó *Moción de*

---

[1] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI).
[2] Entrada #9 de SUMAC TPI.
[3] Entrada #10 de SUMAC TPI.
[4] Entrada #13 de SUMAC TPI.
[5] Entrada #18 de SUMAC TPI.
[6] Entrada #21 de SUMAC TPI.

*Desestimación y de Sentencia Sumaria*.[7] En síntesis, MAPFRE argumentó nuevamente que la acción presentada estaba prescrita por haberse presentado fuera del término de un año provisto en la Póliza y, en la alternativa, reconociendo que la causa de acción al amparo del Artículo 27.164 del Código de Seguros no tiene un término prescriptivo, argumentó que estaba prescrita por haberse presentado fuera del término prescriptivo.

El 29 de septiembre de 2025, el apelante presentó *Moción en Oposición a "Moción Solicitud De Desestimación y Sentencia Sumaria"*.[8] En síntesis, el apelante argumentó que habiendo cumplido con la notificación del "Formulario de Notificación Previo a Entablar una Acción Civil" tanto a MAPFRE como al Comisionado de Seguros, por lo que, el TPI tenía jurisdicción para continuar con la causa de acción al amparo del Código de Seguros. Además, que el pleito instado trata sobre la acción civil al amparo del Artículo 27.164 y el Artículo 27.165 del Código de Seguros, y que para el remedio civil incorporado al Código de Seguros por la Ley 247-2018 no se estableció término prescriptivo, y que, en todo caso de aplicar alguno correspondía concluir que lo era el correspondiente a las acciones personales sin término, el de quince (15) años. Por lo tanto, planteó que no procedía en derecho la desestimación solicitada por la aseguradora.

El 28 de diciembre de 2025, el foro primario emitió *Sentencia* en la cual declaró "Ha Lugar" la *Moción de Desestimación y* de *Sentencia Sumaria* presentada por MAPFRE y, acogiendo los argumentos de la aseguradora, desestimó con perjuicio la totalidad del pleito.[9] El TPI estimó que debía aplicar el

---

[7] Entrada #24 de SUMAC TPI.
[8] Entrada #25 de SUMAC TPI.
[9] Entrada #30 de SUMAC TPI.

término de un (1) año provisto en la Póliza, y que aun partiendo de la premisa de que no le aplicase tal término, era claro que la acción al amparo del Código de Seguros era una análoga a una reclamación de daños y perjuicios por lo cual le aplicaba el término prescriptivo de un (1) año. Además, en dicho dictamen hizo las siguientes determinaciones de hechos:

1. El 28 de junio de 2017, MAPFRE emitió la póliza de seguro multilineal de propiedad residencial de número 3777751624005 a favor de Jorge Reyes Muller.

2. La póliza de seguro de número 3777751624005 tuvo vigencia del 28 de junio de 2017 al 28 de junio de 2018.

3. La Póliza de Seguro de número 3777751624005 brindaba cubierta a una propiedad o edificio de un nivel o planta de concreto ubicada en "Vistas de Luquillo Q-15, Luquillo PR 00773".

4. La póliza de seguro de número 3777751624005 aseguraba la estructura o edificio ("building") ubicado en "Vistas de Luquillo Q-15, Luquillo PR 00773", cuya Cubierta A (estructura) tiene un límite de responsabilidad de $55,500.00 y la Cubierta C (propiedad personal) con un límite de $5,500.00. Dichos límites están sujetos a un deducible de 2%, o sea, $1,110 para la Cubierta A de vivienda y $500.00 para la Cubierta C de propiedad personal por el riesgo de tormenta de viento (huracán).

5. La cláusula 4 de las Condiciones de la póliza de seguro de número 3777751624005, dispone que, "Sus Deberes Después de una Pérdida. En caso de pérdidas a la propiedad cubierta, usted debe asegurarse de que se cumpla lo siguiente: a. Notificarnos a nosotros o a nuestro agente oportunamente. b. c. …".

6. La cláusula 11 de las Condiciones de la póliza de seguro de número 3777751624005, dispone que, "Demanda contra Nosotros. No se podrá presentar una acción a menos que se hayan satisfecho las disposiciones de esta póliza y la acción se inicie dentro de un plazo de un año después de la fecha de la pérdida".

7. El 14 de septiembre de 2018, el demandante presentó una Demanda bajo Jorge Reyes Muller vs. Mapfre Pan American Insurance Company, Et al, Civil Núm.: LU2018CV00124.

8. Ante el recibo del emplazamiento y dicha Demanda en el mes de enero de 2019, MAPFRE le asignó el número 20193265068 como número de reclamación.

9. El 10 de marzo de 2019, MAPFRE presentó su Contestación a Demanda, alegando que, "La demanda constituye la primera reclamación realizada por el demandante sobre los daños alegados. No procede una reclamación por incumplimiento de contrato ni daños extracontractuales. Procede que se desestime la Demanda".

10. El 5 de febrero de 2020, la parte demandante presentó una Moción Solicitando Desistimiento Voluntario sin Perjuicio en la cual informó que deseaba desistir de la misma sin perjuicio para gestionar de manera extrajudicial su reclamación.

11. Mediante Sentencia de 11 de febrero de 2020, el Tribunal acogió el desistimiento voluntario sin perjuicio.

12. El 31 de julio de 2023, la parte demandante remitió a MAPFRE el Formulario de Notificación Previo a Entablar una Acción Civil a Tenor con el Artículo 27.164 del Código de Seguros de Puerto Rico.

13. El 12 de octubre de 2023, MAPFRE recibió una carta remitida por correo electrónico de la parte demandante.

14. En aquella misiva, la parte demandante expuso que, "El 31 de agosto de 2018 se cursó a las oficinas de Mario Oronoz, representación legal de Mapfre, una reclamación que a su vez anejaba un informe de estimado de daños."

15. La parte demandante también expuso que, "la limitación de tiempo sea ésta de uno (1) o dos años, solamente aplica a reclamaciones judiciales. Los asegurados que aún no hayan notificado sus reclamaciones podrán presentar las mismas directamente a la compañía, aunque haya caducado el plazo para acudir al tribunal."

16. En la referida carta, la parte demandante también expuso que el Sr. Blair Merriam de Risk Consulting Group efectuó una inspección de la propiedad del demandante y que rindió un estimado de daños los cuales "ascienden a $104,935.32, y contenido $1,913.21 sin ajustar. Conocemos que la cubierta es de $55,500.00 y de $5,500.00 pero también conocemos que los precios datan del 2018 y merecen ser actualizados. En consideración a ello, extendemos una oferta por el límite de la póliza, es decir, de $55,500.00 para vivienda y de $1,913.21 para contenido."

17. El 21 de mayo de 2025, Jorge Reyes Muller presentó la Demanda de autos en contra de MAPFRE.[10]

Oportunamente, el 13 de enero de 2026, el apelante presentó *Moción de Reconsideración, de Enmienda a las determinaciones de hechos, y para determinaciones de hechos y conclusiones de derecho adicionales.*[11] El 13 de enero de 2026, el TPI emitió una *Orden* concediendo a MAPFRE un término de quince (15) días para expresar su posición en cuanto a la reconsideración.[12] El 28 de enero de 2026 MAPFRE presentó

---

[10] Íd, págs. 4-5.
[11] Entrada #32 de SUMAC TPI.
[12] Entrada #33 de SUMAC TPI.

*Oposición a Moción de Reconsideración, de Enmienda a las Determinaciones de Hechos, y para Determinaciones de Hechos y Conclusiones de Derecho Adicionales*.[13]

No obstante, mediante *Resolución Interlocutoria* emitida y notificada el 30 de enero de 2026, el TPI declaró "No Ha Lugar" la *Moción de Reconsideración, de Enmienda a las determinaciones de hechos, y para determinaciones de hechos y conclusiones de derecho adicionales*.[14]

Inconforme con el proceder del TPI, el 2 de marzo de 2026, el apelante acudió ante este Tribunal mediante recurso de *Apelación* y señala los siguientes errores:

(1) Erró el Tribunal de Primera Instancia al aplicar el término prescriptivo de un año a los remedios y protecciones al amparo de los Artículos 27.164 y 27.165 del Código de Seguros y desestimar la totalidad del pleito con perjuicio.

(2) Erró el Tribunal de Primera Instancia al dictar sentencia sumariamente decretando la desestimación con perjuicio la totalidad del pleito, por no proceder en derecho.

**II.**

**A.**

La sentencia sumaria es el mecanismo procesal adecuado para resolver casos en los que no es necesaria la celebración de un juicio por no existir duda sobre los hechos esenciales, contarse con toda la evidencia necesaria y solo restar la aplicación del derecho. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(e); Batista v. Sucn. Batista et al., 2025 TSPR 93, 216 DPR ___ (2025); Consejo Tit. v. Rocca Dev. Corp., et als., 2025 TSPR 6, 215 DPR ___ (2025); BPPR v. Zorrilla y otro, 214 DPR 329, 338

---

[13] Entrada #34 de SUMAC TPI.
[14] Entrada #35 de SUMAC TPI.

(2024); Córdova Dexter v. Sucn. Ferraiuoli, 182 DPR 541, 555-556 (2011).

La Regla 36 de Procedimiento Civil, *supra*, regula de manera específica los requisitos de forma que debe cumplir la parte promovente de la moción de sentencia sumaria, así como la parte que se opone a esta. Regla 36.3(a) y (b) de Procedimiento Civil, 32 LPRA Ap. V. La omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. Mun. de Añasco v. ASES et al., 188 DPR 307, 327 (2013); Córdova Dexter v. Sucn. Ferraiuoli, *supra,* pág. 556; González Aristud v. Hosp. Pavía, 168 DPR 127, 138 (2006).

Solo procede dictar sentencia sumaria cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el Derecho aplicable, y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia. Negrón Castro et al. v. SLG et al., 2025 TSPR 96, 216 DPR ___ (2025).

De no haber hechos materiales en controversia, el tribunal dictará sentencia sumaria siempre que proceda en derecho. Aponte Valentín et al. v. Pfizer Pharm., 208 DPR 263, 278 (2021); Rivera Matos et al. v. Triple-S et al., 204 DPR 1010, 1024 (2020). Así pues, al atender la solicitud de sentencia sumaria y su oposición, los tribunales deberán: (1) analizar todos los documentos incluidos en las mociones y aquellos que obren en el expediente del tribunal, y (2) determinar si la parte opositora controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. Torres Pagán et al. v. Mun. de Ponce, 191 DPR 583, 598 (2014). La sentencia sumaria sólo debe

dictarse en casos claros, y cualquier duda debe resolverse en contra de la parte que solicita la sentencia. Zambrana García v. ELA et al., 204 DPR 328, 341 (2020); Rivera et al. v. Superior Pkg., Inc. et al., 132 DPR 115, 133 (1992). (Citas suprimidas).

En cuanto al alcance de la revisión judicial, los tribunales apelativos nos encontramos en la misma posición que el foro primario al evaluar la procedencia de una sentencia sumaria. Negrón Castro et al. v. SLG et al., *supra*; Batista v. Sucn. Batista et al., *supra*; Consejo Tit. v. Rocca Dev. Corp., et als., *supra*.

**B.**

La industria de los seguros está revestida del más alto interés público y es regulada extensamente por el Estado. Carpets & Rugs v. Tropical Reps, 175 DPR 615, 632 (2009); Maryland Casualty Co. v. San Juan Racing Assn. Inc., 83 DPR 559, 563 (1961); Véase, además, Rivera Matos et al. v. Triple-S et al., 204 DPR 1010 (2020).  Ello, debido al papel que juega en la protección de los riesgos que amenazan la vida o el patrimonio de los ciudadanos y la extraordinaria importancia que juegan los seguros en la estabilidad de nuestra sociedad. Rivera Matos et al. v. Triple-S et al., *supra*; R.J. Reynolds v. Vega Otero, 197 DPR 699, 706 (2017) (citando a Natal Cruz v. Santiago Negrón et al., 188 DPR 564, 575 (2013)).

Esta industria está regulada por la Ley Núm. 77 de 19 de junio de 1957, según enmendada, 26 LPRA sec. 101 *et seq.,* mejor conocido como el *Código de Seguros de Puerto Rico* (en adelante, Código de Seguros) y, de manera supletoria, por el Código Civil. Nevárez Agosto v. United Surety et al., 209 DPR 346, 358 (2022); Feliciano Aguayo v. MAPFRE, 207 DPR 138 (2021); Rivera Matos et al. v. Triple-S et al., *supra*, pág. 1019; R.J. Reynolds v. Vega Otero, *supra*, pág. 706-707.

Es, pues, en el Código de Seguros donde se encuentran aquellas disposiciones que reglamentan las prácticas comerciales y requisitos de esta industria. Carpets & Rugs v. Tropical Reps, *supra*, pág. 632. El llamado a fiscalizar y reglamentar el cumplimiento de sus disposiciones es el Comisionado de Seguros. Art. 2.030 del Código de Seguros, 26 LPRA sec. 235(2); Feliciano Aguayo v. MAPFRE, *supra*.

Establecido lo anterior, el Artículo 1.020 del Código de Seguros de Puerto Rico, define el seguro como "el contrato mediante el cual una persona se obliga a indemnizar a otra o a pagarle o a proveerle un beneficio específico o determinable al producirse un suceso incierto previsto en el mismo." 26 LPRA sec. 102; Savary et al. v. Mun. Fajardo et al., 198 DPR 1014, 1023 (2017); S.L.G. Francis-Acevedo v. SIMED, 176 DPR 372, 384 (2009). A su vez, se denomina como póliza el documento donde se consignan los términos que rigen el contrato de seguro. Art. 11.140(1) del Código de Seguros, 26 LPRA sec. 1114(1). Rivera Matos et al. v. Triple-S et al., *supra*.

En este tipo de acuerdo el asegurador asume determinados riesgos a cambio del cobro de una prima o cuota periódica, en virtud de la cual se obliga a responder por la carga económica que recaiga sobre el asegurado, en el caso de que ocurra algún evento especificado en el contrato. ECP Incorporated v. OCS, 205 DPR 268 (2020); S.L.G. Francis-Acevedo v. SIMED, *supra*.

En cuanto a la interpretación de estos contratos, se ha resuelto que, debido a que el contrato de seguro es uno de adhesión, redactado en su totalidad por el asegurador, las cláusulas dudosas o ambiguas deberán interpretarse liberalmente en beneficio del asegurado para hacer cumplir el designio intrínseco de la póliza que es dar protección al asegurado. Rivera

Matos et al. v. Triple-S et al., *supra*; Maderas Tratadas v. Sun Alliance et al., 185 DPR 880 (2012); S.L.G. Francis-Acevedo v. SIMED, *supra*. En caso de dudas en la interpretación de una póliza, esta debe resolverse de modo que se realice el propósito de esta: proveer protección al asegurado. Es por eso, que no se favorecerán las interpretaciones sutiles que le permitan a las compañías aseguradoras evadir su responsabilidad. Quiñones López v. Manzano Pozas, 141 DPR 139, 155 (1996).

## C.

Mediante la Ley Núm. 242 del 27 de noviembre de 2018 (en adelante, Ley Núm. 242-2018) la Asamblea Legislativa enmendó los Artículos 11.150, 11.190 y añadió un nuevo Artículo 9.301 al Código de Seguros. Ello, en respuesta al manejo, retraso y reiteradas violaciones a las disposiciones del Código de Seguros por parte de las aseguradoras en las reclamaciones presentadas tras el paso de los huracanes Irma y María. Nevárez Agosto v. United Surety et al., *supra,* pág. 359*.* Mediante el referido estatuto, la Asamblea Legislativa codificó las protecciones que el derecho proveía a los consumidores locales en busca de "una rápida y mejor respuesta de la industria de seguros para las víctimas de los huracanes Irma y María y en caso de ocurrir una futura catástrofe natural." Exposición de Motivos de la Ley Núm. 242-2018, *supra;* Nevárez Agosto v. United Surety et. al., *supra,* pág. 359. Así pues, la legislación estaba dirigida a "establecer procesos que sean más agiles y faciliten la adecuada respuesta a los asegurados y el pago de las reclamaciones." Exposición de Motivos de la Ley Núm. 242-2018, *supra.*

De igual forma, para instrumentar la antes mencionada intención legislativa, --y en lo que al tema de la prescripción se refiere-- la Ley Núm. 242-2018, *supra*, enmendó el Art. 11.190

del Código de Seguros, 26 LPRA sec. 1119, para prohibir cualquier cláusula o estipulación en un contrato o póliza de seguro que limite, a un término menor a un (1) año, el periodo de tiempo que tiene una persona asegurada para entablar una acción judicial en los tribunales en contra de una aseguradora para hacer valer sus derechos al amparo de una póliza de seguro. 26 LPRA sec. 1119; véase, Nevárez Agosto v. United Surety et. al., *supra,* pág. 360*.*

En cuanto a la interrupción del término prescriptivo, el Artículo 11.190 del estatuto provee lo siguiente:

. . . . . . . .

(4) Para propósitos de una acción directa por un dueño de propiedad para recuperar daños bajo una póliza de seguro, una notificación de reclamación a la compañía de seguro o su representante autorizado o su agente general autorizado constituye una reclamación extrajudicial que interrumpe la prescripción de las acciones conforme al Artículo 1873 del Código Civil de Puerto Rico, incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

(5) Para propósitos de una acción directa por un dueño de propiedad para recuperar daños bajo una póliza de seguro, la aceptación de una notificación de reclamación de seguro por la compañía de seguro o su representante autorizado o su agente general autorizado constituye un reconocimiento que interrumpe la prescripción de las acciones conforme al Artículo 1873 del Código Civil de Puerto Rico, incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

(6) La limitación del término de tiempo para presentar una demanda o buscar amparo del tribunal o de un proceso administrativo, impuesto por una póliza de seguro, está sujeto a ser interrumpido por notificación extrajudicial, conforme al Artículo 1873 del Código Civil de Puerto Rico. Cualquier pacto en lo contrario será nulo, incluso cuando la reclamación sea a consecuencia del impacto de los huracanes Irma y/o María del pasado mes de septiembre de 2017.

(7) Las demás reclamaciones se regirán por las disposiciones del Artículo 27.164.26 LPRA sec. 1119.

En Nevárez Agosto v. United Surety et. al., *supra*., nuestro Tribunal Supremo indicó que la Ley Núm. 242-2018, *supra*, estableció el carácter prescriptivo del término --como mínimo de un (1) año y sujeto a interrupción-- para que una persona

asegurada presente una acción directa en contra de una aseguradora. Además, nuestro más alto foro local en Con. Tit. Acquamarina et al. v. Triple-S, 210 DPR 344 (2022), decretó que la aludida Ley Núm. 242-2018 aplica de forma retroactiva.

**D.**

Sabido es que la prescripción es una figura que extingue un derecho debido a que una parte no lo ejerce en un período de tiempo determinado por ley. Rivera Ruiz et al. v. Mun. de Ponce et al., 196 DPR 410 (2016). En nuestro ordenamiento jurídico se reconocen tres mecanismos que interrumpen los términos prescriptivos dispuestos en ley, a saber: 1) el ejercicio de la acción ante los tribunales; 2) la reclamación extrajudicial; y 3) cualquier acto de reconocimiento de la obligación por parte del deudor. Art. 1873 del Código Civil, 31 LPRA ant. sec. 5303.[15] Véase, Nevárez Agosto v. United Surety et. al., *supra;* Rivera Ruiz et al. v. Mun. De Ponce et al., *supra*, pág. 415.

Uno de los efectos de la interrupción de la prescripción es que una vez interrumpida, el término debe comenzar a computarse de nuevo por entero al cesar la causa interruptiva. Suárez Ruiz v. Figueroa Colón, 145 DPR 142, 150 (1998); De Jesús Martínez et al. v. Chardón et al., 116 DPR 238 (1985). Cuando se interrumpe el término prescriptivo de una acción por su ejercicio ante los tribunales, el plazo prescriptivo se "congela" y comienza a decursar de nuevo, cuando termina efectivamente la acción ejercitada. Suárez Ruiz v. Figueroa Colón, *supra*, pág. 151.

Un pleito de clase instado bajo las reglas de Procedimiento Civil, tienen el efecto interruptor de las acciones, incluso si la

---

[15] La ley aplicable para el presente caso es el derogado Código Civil de Puerto Rico de 1930.

certificación de la clase es denegada. En Nevárez Agosto v. United Surety et. al., *supra,* el Tribunal Supremo reiteró que la interrupción de las acciones por los pleitos de clase aplica, tanto para los demandantes que formaron parte del pleito original, como para todos aquellos demandantes potenciales que son miembros de la clase. De negarse la certificación de la clase, el término prescriptivo para que un individuo presente una acción independiente comenzará a transcurrir nuevamente desde la fecha de la denegatoria. Nevárez Agosto v. United Surety et. al., *supra.*

A tenor con la normativa antes expuesta, en Nevárez Agosto v. United Surety et. al., *supra,* pág. 366, el Tribunal Supremo evaluó que el pleito de clase instado por el Secretario del DACo, interrumpió el término prescriptivo para los litigantes individuales. En específico, el foro expresó lo siguiente: "Así pues, habiéndose dictado la Sentencia en el pleito de clase el 14 de febrero de 2019 la señora Nevárez Agosto tenía un (1) año para instar -- en su carácter individual -- una acción directa en contra de United." Íd.

**III.**

En esencia, el apelante alega que el TPI erró al aplicar el término prescriptivo de un (1) año a los remedios y protecciones al amparo de los Artículos 27.164 y 27.165 del Código de Seguros y desestimar la totalidad del pleito con perjuicio. En su recurso, este plantea la causa de acción instada en este caso está predicada en el remedio y protecciones que provee a la parte asegurada la Ley Núm. 247-2018, para lo cual dicha legislación no provee término prescriptivo. A su entender, dado a las herramientas y protecciones que incorpora la Ley Núm. 247-2018, de aplicar un término, por analogía, debe ser el plazo de quince (15) años que establece el Artículo 1864 del Código Civil, 31 LPRA

ant. sec. 5294, ed. 1930, para las acciones personales que no tengan un término señalado.

Luego de analizar el expediente y el derecho reseñado, somos de la opinión que no le asiste la razón al apelante. Veamos.

Surge del expediente que, la pérdida o daño a la propiedad asegurada por dicha póliza ocurrió el 20 de septiembre de 2017 cuando el huracán María pasó por Puerto Rico.[16] Conforme a lo acordado en la póliza, el apelante tenía un término de un (1) año para interrumpir o presentar una acción judicial en o antes del 20 de septiembre de 2018. En cumplimiento, este interrumpió el término prescriptivo el 14 de septiembre de 2018 cuando presentó el caso *Jorge Reyes Muller v. Mapfre Pan American* Insurance Company, Civil Núm.: LU2018CV00124. Posteriormente, el foro primario dictó Sentencia sin perjuicio acogiendo la solicitud de desistimiento voluntario el 7 de febrero de 2020, el término prescriptivo de un año debió comenzar a discurrir nuevamente.

No obstante, como aún estaba pendiente el caso de *Víctor Álvarez Álamo y otros v. Cooperativa de Seguros Múltiples de P.R. y otros*, de código alfanumérico SJ2018CV07729, en el cual se estaba solicitando que se certificación como un pleito de clase, dicho término prescriptivo ya estaba interrumpido. Término que se extendió hasta el 14 de febrero de 2023. Esto, porque la Resolución emitida en dicho caso mediante la cual fue denegada la certificación como un pleito de clase fue emitida el 14 de febrero de 2022, siendo este el último caso de este tipo. Sin embargo, no fue hasta el 21 de mayo de 2025 que el apelante presentó la *Demanda* del epígrafe. Es decir, hubo una falta de acción del apelante durante más de tres (3) años desde que el TPI le notificó

---

[16] Entrada# 15 de SUMAC TPI.

la desestimación sin perjuicio de su primera reclamación judicial. No surge del expediente, que el apelante interrumpió término alguno en ese tiempo. Así pues, el término para presentar su causa de acción prescribió.

Conviene mencionar que, en Nevárez Agosto v. United Surety et. al., *supra*, el Tribunal Supremo de PR analizó el Artículo 11.190 de la Ley Núm. 242-2018. Allí, el foro Supremo estableció que el aludido artículo prohíbe cualquier cláusula o estipulación en un contrato o póliza de seguro que limite, a un término menor a un (1) año, para que un asegurado presente una acción en contra de la aseguradora. Además, indicó que la ley extendió sus disposiciones a las reclamaciones a consecuencia de los huracanes Irma y María. Asimismo, sostuvo que este término puede ser interrumpido con la presentación de un pleito de clase. De modo que, el Tribunal Supremo, en ese caso determinó que luego de dictarse sentencia desestimatoria en el pleito de clase, la reclamante tenía un (1) año para instar en su carácter individual una acción contra la aseguradora. Véase, Nevárez Agosto v. United Surety et. al., *supra,* págs. 365-366.

Si bien es cierto que, le asiste la razón al apelante en cuanto a que la Ley Núm. 247-2018 no provee término prescriptivo, no es menos cierto que las partes pactaron libre y voluntariamente que cualquier reclamación relacionada debía presentarse en un término de un (1) año. Interpretamos que ese es el término para presentar una causa de acción contra un asegurador. Además, el término de un (1) año no incumple con el precedente de Nevárez Agosto v. United Surety et. al., *supra,* pág. 361, ya que reiteramos que lo que allí se interpretó es que el término debe ser mínimo de un (1) año para que una persona asegurada presente una acción directa en contra de una aseguradora. No así, como arguye el

apelante, de un plazo de quince (15) años al amparo del Artículo 1864 del Código Civil, *supra.*

De todo lo anterior, resolvemos que el foro primario no incidió al declarar "Ha Lugar" la *Moción de Desestimación* y de *Sentencia Sumaria* presentada por MAPFRE. Esto, ya que la reclamación fue presentada fuera del plazo de un (1) año, razón por la cual está prescrita y procede su desestimación.

## IV.

Por los fundamentos expresados, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones